## WILLIAM A. GLOVER'S CASE.

The right under the Gen. Sts. c. 171, § 30, of a prisoner to be tried at the next term of the court after the expiration of six months from the time when he was imprisoned, does not require that he shall have a trial resulting in acquittal or conviction, or be discharged; and if he is tried at or before that term, and the jury disagree, his application for another trial is addressed to the discretion of the court.

HABEAS CORPUS to the sheriff of Suffolk, issued on December 27, 1871, upon the petition of William A. Glover, verified by his oath, which represented that he was unlawfully deprived of his liberty by the sheriff at the county jail; that the sheriff was holding him to answer to an indictment returned into the superior court for criminal business in Suffolk at May term 1871 of that court, wherein he was charged with being an accessory before the fact to breaking and entering a building in Boston with intent to steal therein; "that said indictment was found in May 1871, and he was arraigned upon the same May 20, 1871; that he was on that day committed to the jail, and has there remained

ever since; that he was tried on the indictment in August 1871, at which trial the jury disagreed; that, at each term of the court since, he has required to be tried thereon; that at the December term of the superior criminal court for said county he was notified that he was to be tried, and that Tuesday, the 26th day of said December, was set down as the day for the trial; that he was ready on that day to be tried, with witnesses procured at great expense from distant places, but upon the case being called the district attorney moved to postpone the trial of it to the next term; that he objected, and required to be tried at that term or be discharged on his own recognizance, as provided in the Gen. Sts. *c.* 171, § 30, but the court postponed the case and refused to discharge him on his own recognizance, and ordered him to furnish bail to the amount of $5000, and in default thereof be committed to jail;" and that he was unable to give the bail required, and under the statute had a right to be discharged upon his own recognizance given in such manner and form as the court might direct. The sheriff made return to the writ on December 30, 1871, bringing the body of the petitioner into court, and justifying his holding of him upon the facts alleged.

Hearing before *Wells*, J., who adjourned the case into this court held for the county of Suffolk, and reserved it, upon the petition, writ and return, for the determination of the full court, before whom it was argued in January 1872.

*L. M. Child*, for the petitioner.

*C. Allen*, Attorney General, for the Commonwealth.

WELLS, J. The statute, Gen. Sts. *c.* 171, § 30, which entitles the prisoner to require that he be tried " at the next term of the court after the expiration of six months from the time when he was imprisoned," is intended for his protection against imprisonment upon a criminal charge, without opportunity, within a reasonable time, to meet the proofs upon which it is made, and obtain deliverance by a verdict in his favor. The next term after the expiration of six months is specified as fixing the period beyond which he cannot be detained without such an opportunity of trail, if he demands it; and not as the only time at which he can insist upon his right; nor as giving him the right then to

require that he should have a trial resulting in acquittal or con-
viction, or be discharged. A trial before the expiration of six
months meets the purpose of the statute in securing to the pris-
oner an early opportunity of relief from an unfounded charge.
Having had that, his application for another trial is not of abso-
lute right, but is addressed to the judicial discretion of the court.

*Prisoner remanded.*