## IN RE GARVEY.

1. The justices of this court, acting singly out of term, are without
   jurisdiction to issue writs of *habeas corpus,* or to hear and deter-
   mine matters arising thereon, notwithstanding the authority at-
   tempted to be conferred by the statute on *habeas corpus.*

2. The proceeding by *habeas corpus* is the proper remedy, under the
   statute of this state, to protect the right of persons charged with
   the higher class of crimes to a speedy trial, according to law.

3. In this case there were four successive terms of the district court,
   and one of the criminal court, to which the case had been trans-
   ferred, at each of which the court had jurisdiction; at any one of
   the terms the petitioner might have been tried, but was not; the
   failure to try did not happen on the petitioner's application, he
   being in custody the entire time. *Held,* under the General Statutes
   (section 1616), upon which the petition is based, that the petitioner
   be discharged.

### In the Supreme Court.

PETITION for *habeas corpus;* the facts are stated in the
opinion.

Messrs. WELLS, SMITH and MACON, for petitioner.

Attorney-General D. F. URMY, for the people.

STONE, J. The petitioner, who is imprisoned to answer to an indictment for manslaughter, now pending in the criminal court of Arapahoe county, prays to be discharged of his imprisonment under the provisions of the eighth section of the Habeas Corpus Act (General Statutes, p. 535), which is in the words following:

"If any person shall be committed for a criminal or supposed criminal matter and not admitted to bail, and shall not be tried on or before the second term of the court having jurisdiction of the offense, the prisoner shall be set at liberty by the court unless the delay shall happen on the application of the prisoner. If such court, at the second term, shall be satisfied that due exertions have been made to procure the evidence for or on behalf of the people, and that there are reasonable grounds to believe that such evidence may be procured at the third term, they shall have power to continue such case till the third term. If any such prisoner shall have been admitted to bail for other than a capital offense, the court may continue the trial of said cause to a third term, if it shall appear by oath or affirmation that the witnesses for the people of the state are absent, such witnesses being mentioned by name, and the court shown wherein their testimony is material."

The facts stated in the petition, and shown by the records, to bring the case within the provisions of the statute, are that in March, 1881, the petitioner was indicted for murder; that, before he was subjected to trial, the law of murder, as to him, was repealed; that, at the September term of the district court of Arapahoe county, the prisoner was tried, upon said indictment, for murder, found guilty thereof, and, by said court, sentenced to the penitentiary for life. That thereafter, petitioner prosecuted a writ of error out of the supreme court, to reverse the judgment aforesaid, and that said judgment was, at the April term, 1883, of said supreme court, reversed, upon the ground that, owing to the repeal of the law of

murder, as aforesaid, the petitioner could be prosecuted and punished for manslaughter only, under said indictment, and thereupon the said cause was remanded to the said district court with direction to proceed according to law.    That thereafter, at the April term, 1883, of the said district court, the petitioner.was, without any trial whatever, sentenced to imprisonment in the penitentiary for the term of eight years for manslaughter, and was imprisoned accordingly.    That thereafter, at the December term, 1883, of the supreme court, petitioner applied to be enlarged from said last mentioned imprisonment under the Habeas Corpus Act; and thereupon, by the judgment of the said supreme court, it was held that the said last mentioned judgment of the said district court was void for want of a trial and verdict upon said indictment; but, inasmuch as it appeared that petitioner stood legally indicted of a felony, it was ordered that he be discharged from imprisonment in the penitentiary, and to be remanded to the custody of the sheriff of Arapahoe county, unless he should give bail in a sum fixed by this court.

It is further shown that being so remanded in pursuance of the order of the supreme court as aforesaid, the petitioner was again brought to the bar of the said district court, whereupon afterwards he interposed his motion to be discharged, for that, although committed for a criminal matter and not having given bail, he had not been tried on or before the second term of the court having jurisdiction of the offense, such delay not happening on the application of said petitioner, and that therefore he was entitled to be set at liberty in pursuance of the eighth section of the Habeas Corpus Act.

That afterwards, on or about the 4th day of May, 1884, the said district court, without determining petitioner's said motion, transmitted the record of the indictment and proceedings aforesaid into the criminal court of said Arapahoe county, a court having concurrent jurisdiction

of said offense, and that the motion aforesaid, coming on there to be heard, was denied by said criminal court, whereupon the petitioner applies to be set at liberty upon the present writ of *habeas corpus* by this court.

The present application of the petitioner was first made to me, as one of the judges of this court, at chambers, in vacation, the latter part of June last, and a question then arose touching the jurisdiction of the judges of this court, or either of them, to act upon such applications in vacation; and having declined to entertain jurisdiction in the matter, the application was renewed to the court upon its convening at the present session. The same question, respecting applications for this and other writs of original jurisdiction, has been frequently raised before us at chambers, and as frequently ruled upon by the judges, but as no record is made of such proceedings in vacation, no written opinion declaring such ruling has ever been filed by the court; and hence, although this question is not a material one in the determination of this application, since it is presented to the court, yet we deem it not out of place to pass upon the question here, in order that it may furnish a referable guide here-after.

The points, therefore, to be passed upon in order are:

*First.* May the judges of the supreme court, or either of them, entertain jurisdiction to hear and determine such matters in vacation?

*Second.* Does the writ of *habeas corpus* lie as the proper remedy in this case?

*Third.* Ought the petitioner to be discharged or set at liberty upon the state of facts presented?

Upon the first question there is very little authority to guide in reaching a conclusion, aside from the language of our state constitution bearing thereon.

Section 2 of article VI of the constitution declares that "The supreme court, except as otherwise provided in this constitution, shall have appellate jurisdiction

only." \* \* \* And section 3, following, reads as follows:

" It shall have power to issue writs of *habeas corpus,* *mandamus, quo warranto, certiorari,* injunction and other original and remedial writs, with authority to hear and determine the same."

This language confers jurisdiction, in respect of remedies under the several writs enumerated, upon the court only by express terms, and not upon the judges thereof, and therefore, if the judges possess any such power, it is by implication from the foregoing language. That no such implication arises has been uniformly held by the judges of this court ever since the organization thereof under the state constitution. This court, as expressed by the language of the constitution above quoted, is constituted to be primarily and essentially a court of appellate jurisdiction. Constitutions are instruments of limitation, chiefly as to the powers thereby conferred, and had it been the intent of the framers of our constitution to confer jurisdiction in respect of the writs mentioned upon the judges of this court to act singly and out of term, such intent, as in the constitutions of many of the other states, should have been clearly expressed.

The question of most difficulty to be answered is that, inasmuch as the legislature has, by statutory provisions (section 1609, General Statutes), conferred this authority upon the judges, and since the constitution does not expressly declare that the justices in vacation shall not exercise this power, and that the legislature retains all legitimate powers not expressly forbidden, may it not legally confer such power upon the justices?

If this question be answered in the negative, as we think it should be, it is chiefly because the enumeration by the constitution of certain powers to be exercised by the court, and other language contained in that instrument, by clear implication forbids the exercise of such authority by the justices out of term.

In the case of *Ex parte Bollman* (4 Cranch, 75), under a statute giving the right to justices of the supreme court of the United States to issue the writ, but not to the court, it was held (Johnson, J., dissenting) that the court might do so if in the exercise of its appellate powers; but that the converse of this proposition would legally follow is far from conclusive. We incline to think that the writ of *habeas corpus*, while ancient and existing as a common law writ before its enactment as the statute of 31 Car. II., is not now issued by courts or judges except the power so to do be expressly given by statute.

And in the case of *Ex parte Bollman, supra*, it is said by Chief Justice Marshall, that "Courts which originate in the common law possess a jurisdiction which must be regulated by a common law, until some statute shall change their established principles; but courts which are created by written law, and whose jurisdiction is defined by written law, cannot transcend that jurisdiction; * * * for the meaning of the term *habeas corpus* resort may unquestionably be had to the common law; but the power to award the writ by the courts of the United States must be given by written law." And, considering the language of our own constitution touching the question, and also the nature, objects and prime functions of our supreme court, we conclude that the justices thereof, acting singly or out of term, are without constitutional jurisdiction and authority to issue the certain writs enumerated in the constitutional provision referred to, or to hear or determine the matters arising thereon.

*Second.* Is the proceeding by *habeas corpus* the proper remedy in this case?

We think it is. The statute under which the remedy is sought, and the only one which affords such remedy, where one exists at all, is in the Habeas Corpus Act; and a substantially similar provision for accomplishing the

same object — the securing to persons charged with the higher class of crimes a speedy trial, according to law — was contained in the English Habeas Corpus Act of Charles II., and, with various modifications, has been brought down to our time, as a part of the act providing for the issue of this famous writ of right, for the protection of personal liberty. In the case of *Brooks v. The People*, 88 Ill. 327, under a similar statute, the question was presented by writ of error, the statute in question having been taken out of the Habeas Corpus Act, and placed in the General Criminal Law; and so the question whether *habeas corpus* would lie was not raised nor discussed in the principal opinion; but, in the separate opinion of Mr. Justice Scott, who dissented upon another ground, it is said that *habeas corpus* lies in such cases.

The case of *The Commonwealth v. Adcock*, 8 Grattan, cited by the attorney-general, we deem unnecessary to review. It is sufficient to say that it is unsafe to attempt to avoid the hard consequences of a particular case by setting up what the court or judge may conceive to be the "spirit of the law" against the plain letter and principles of the law.

The same remedy was pursued in the cases of *Green v. The Commonwealth*, 1 Rob. (Va.) 731, and in *Glover's Case*, 109 Mass. 340, and, upon principle, we think the writ in such cases ought to lie; for, if a given case is brought within the provisions of the act, it becomes a case of an unlawful restraint of liberty. A few authorities hold a contrary doctrine, but, so far as I have examined, are cases arising upon statutes different from ours, such as the case of *Ex parte McGehan*, 22 Ohio St. 444, where the statute provided for the absolute discharge of the prisoner from the offense, and it was held that the judgment of the court below, denying the motion for such discharge, was to be reversed upon error, inasmuch as such judgment was a final discharge, which in effect was an acquittal of the crime charged. Our statute, it

will be noted, does not work such discharge of the offense, but operates merely to set the prisoner at liberty.

For the foregoing reasons we must hold that, in the case at bar, the writ prayed is the proper remedy.

*Third.* Ought the petitioner to be enlarged upon the facts presented?

The answer to this question rests upon matters of fact solely, for, in a case brought fairly within its provisions, the statute seems to be peremptory. We are not compelled, upon this application, to consider the proceedings in this case prior to the reversal upon error by this court (6 Col. 559), in May, 1883, of the judgment of the district court upon the conviction of murder. It appears from the uncontradicted averments of the petition, that, when the cause was then remanded to the district court "for further proceedings according to law," the April term of that court was still in session, and there can be no doubt as to that court's then having jurisdiction to try the case. Instead of putting the petitioner upon trial for the crime of manslaughter, the court, without trial or verdict, pronounced judgment against him and committed him to the penitentiary for the term of eight years. This court, upon *habeas corpus*, again interposed and discharged him from the penitentiary, but remanded him to the custody of the sheriff to be held for trial.

In the meantime the September term, 1883, and the January term, 1884, of said court came and went, and at the following April term, 1884, the petitioner interposed his motion for discharge under the statute. Before the hearing upon this motion the cause was transferred from the district court, upon its own motion, to the criminal court of Arapahoe county. The March term of this latter court was then in session, and, upon a hearing therein of petitioner's said motion, it was denied, after which the term adjourned without trying him.

It appears, then, from the record that there were four terms of the district court, to wit, April and September,

1883, and January and April, 1884, at each of which that court had jurisdiction both of the petitioner and his offense, and there was in addition one term of the criminal court, when this latter court possessed such jurisdiction. At each of these five terms the petitioner might have been tried; the failure to try did not happen upon his application, and he has been in custody during the entire time.

It seems to us, under this state of facts, that we must either misconstrue the statute, and legislate into it much that does not appear therein, or grant the prayer of the petitioner; and, for as much as the facts disclosed as above recited appear to bring the case clearly within the plain provisions of the statute upon which this application is made, it becomes our duty, in administering the law, to adjudge and order that the petitioner be set at liberty; and it is so ordered accordingly.

*Petitioner discharged.*