THE STATE v. JACOB DILTS, SHERIFF, &c., RESPONDENT.

Argued February Term, 1908—Decided June 8, 1908.

Section 53 of the Criminal Procedure act of 1898 (*Pamph. L., p.* 885) provides that "every indictment shall be tried the term or session in which issue is joined, or the term after, unless the court, for just cause, shall allow further time for the trial thereof; and if such indictment be not so tried as aforesaid, the defendant shall be discharged on his own recognizance." *Held,* that this statute is satisfied by a trial resulting in a disagreement of the jury, and cannot thereafter be invoked by the defendant as a ground for his discharge.

On *habeas corpus.*

Before Justices REED, PARKER and VOORHEES.

For the prisoner, *H. Burdett Herr.*

For the defendant, *George K. Large,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. Charles T. Vail, being confined in the common jail of Hunterdon county, petitioned for his discharge on *habeas corpus,* basing his application on the provisions of section 53 of the Criminal Procedure act of 1898 (*Pamph. L., p.* 885), providing that "every indictment shall be tried the term or session in which issue is joined, or the term after, unless the court, for just cause, shall allow further time for the trial thereof, and if such indictment be not so tried as aforesaid, the defendant shall be discharged on his own recognizance."

A writ being awarded and returned, it appears from the return and the admissions of counsel at the argument that two indictments for arson, which we shall call Nos. 1 and 2, were found against petitioner in April term, 1907, of the

Hunterdon Oyer and Terminer, and apparently handed to the Quarter Sessions for trial. He was arraigned five days afterward, and in June, 1907, tried on indictment No. 1, the jury disagreeing. No trial was had on No. 2 that term, nor on either No. 1 or No. 2 in September term. But at that term a third indictment for arson on another occasion was found, the accused being already in custody on the other two, and under No. 3 he was at once arraigned and tried, this trial also resulting in a disagreement. The prisoner was then remanded until December term, at which he was again tried on No. 3 and acquitted. No trial on No. 1 or No. 2 has been had up to this time, which is still in December term, 1907. He demanded trial on every pending indictment at each term but the prosecution refused to move any of them except as above.

After his acquittal on No. 3, in December term, motion to discharge the prisoner on his own recognizance, under the statute quoted above, was made and granted as to No. 2 (which had never been moved for trial), but denied on No. 1. This motion the prisoner now claims should have been granted. The court also refused (as it had a right to do) the prisoner's application to set a day for trial under section 70 of the act, and (we presume, though the return does not so state) continued No. 1 until the next term, the prosecutor objecting to its trial before a jury of the December panel.

Without going into the question whether the court had or had not just cause, under section 53, for further postponement, the propriety of which investigation on *habeas corpus* is doubtful (*Patterson* v. *State,* 21 *Vroom* 421), we are of opinion that the petitioner is not entitled to relief under the terms of section 53. While, in strictness, the word "trial" implies a verdict, it was clearly not contemplated by the statute that a verdict must be had at the first or second term or the prisoner be entitled to his discharge. The evil which the act was intended to remedy was the continued incarceration of citizens accused of crime because of delay of prosecutors in moving the indictments for trial. If it were otherwise two disagreements at successive terms would require the de-

fendant's discharge or a postponement for good cause by the court.

Under the view we take of the meaning and purpose of the statute, it was satisfied by the trial and disagreement of April term, 1907, and became inoperative thereafter. This was the ruling of the Court of Errors and Appeals in *Patterson* v. *State,* 21 *Vroom* (at *p.* 426), in the case of a trial resulting in a conviction which was afterwards reversed on error and so rendered nugatory, and we think the same doctrine applicable to the present situation. The result therefore is that the prisoner has no right of discharge under section 53 and must fall back on the constitutional provision entitling him to a "speedy trial by an impartial jury." No complaint that this provision has been violated is before us, but if it were, we hardly think a case has been made out under it. After the disagreement in April term, a remand until September term was entirely reasonable; the imprisonment at that term and until the acquittal on indictment No. 3 in December term is properly chargeable to the latter indictment, and a further continuance from the time of acquittal until the next term of court cannot be said to be oppressive.

The application for discharge will be denied, and the prisoner remanded to custody.