[No. 6126.]

## RUDE v. THE PEOPLE.

. **Criminal Law—Speedy Trial—**Under Mills' Stat., § 2113, one convicted of a misdemeanor before a justice, and appealing to the county court, must, on his motion, be discharged, if not tried by the third term of the court—the delay occurring not upon his application, but solely by reason of the overcrowded condition of the docket.—Pp. 384-386.

The motion is not waived by consenting to its advance upon the hearing docket; nor, it seems, by delay in its presentation until the fifth term, of the assignment of the cause for trial after the lapse of the third.—Pp. 387, 388.

*Error to Denver County Court.*
*Hon. Ben B. Lindsey, Judge.*

Mr. GEO. C. MANLY, for plaintiff in error.

Hon. N. C. MILLER, attorney general, Mr. W. H. DICKSON and Mr. S. H. THOMPSON, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Defendant was proceeded against by information before a justice of the peace for a misdemeanor, and was fined. He appealed from the judgment and

lodged his transcript in the county court March 31, 1906. On the same day he was arraigned, pleading not guilty, and, by agreement, his trial was set for April 10th following, and he was admitted to bail. On the day so set for trial, on motion of the district attorney, the cause was continued for trial to May 10th, at which time, on defendant's application, it was continued for trial to June 5th. On June 5th, and several times thereafter, each time on motion of the district attorney, the cause was successively continued for trial to September 6th, September 11th, October 4th, October 9th, and November 16th, of the same year. On November 13th, three days before the day of trial as last fixed by order of the court, defendant made and served on the district attorney a copy of a motion and application for discharge for want of prosecution, based on § 1616, Gen. Stats. 1883; 1 Mills' Ann. Stats., § 2113. On the following day, November 14th, two days before the day of trial, the district attorney and defendant with his counsel appeared in court and the trial order was vacated and by agreement of counsel cause was set for trial as of that day, namely, November 14th. Defendant's motion for discharge was then first submitted and overruled by the court, to which defendant excepted and the trial on its merits was then begun, resulting in a conviction of defendant and the imposition of a fine, to review which this writ of error is prosecuted. Defendant raises some important questions going to the merits and the sufficiency of the proofs; but we do not find it necessary to pass upon them, since it is entirely clear that his motion for discharge should have been granted.

In the county court of the city and county of Denver, to which judgment this writ was prosecuted, there are six regular terms of court commencing on the first Monday in the months of January, March,

May, July, September and November.—Gen. Stats. 1883, § 488; 1 Mills' Ann. Stats. 1058. The statute cited, on which defendant's motion is grounded and which was in force at the time this action was tried, is part of our *habeas corpus* act. It provides that any person who is committed for a criminal matter and not admitted to bail, and who is not tried on or before the second term of the court having jurisdiction of the offense, shall be set at liberty by the court, unless the delay happens on his application. If, at the second term, the court is satisfied that due exertions have been made to procure the evidence by the people, and that there are reasonable grounds to believe that such evidence may be procured at the third term, the court may continue such case until the third term of court. If the prisoner has been admitted to bail for a crime other than a capital offense, the court may continue the trial to a third term if it appears by oath that witnesses for the people are absent, mentioning such witnesses by name, and the court shown wherein their testimony is material. This statute has been interpreted and enforced several times by this court and our court of appeals.—*In re Garvey*, 7 Colo. 502; *Cummins v. The People*, 4 Col. App. 71; *Van Buren v. The People*, 7 Col. App. 136.

It needs no argument to demonstrate that the facts set out in this record, and embraced in the motion for a discharge, bring the case squarely within the provisions of the statute as interpreted in the cases cited. The attorney general concedes this and that defendant might be entitled to his discharge had he not lost such right by waiver. The argument is that because defendant appeared in court when the trial order of November 16th was vacated and consented that a hearing might be had as of November 14th, instead of November 16th. He therefore lost the right to insist upon his discharge because of

the failure of the court to try him within the statutory time. He makes the further contention that the record of the trial court, showing that the applications for a continuance were on motion of the district attorney, is wrong, and cites as proof the statement of the district attorney at the time of the hearing of the motion for discharge that the prosecution was ready and clamoring for trial at each successive term after defendant's arraignment, but that trial was not had because of the crowded condition of the court's docket. Such statements of the district attorney cannot be allowed to contradict the solemn record of the court. Aside from this, the court's inability, on account of pressure of business, to give a defendant a speedy trial, cannot be allowed to nullify the constitution. The statute framed to effectuate that instrument does not qualify the right by any such limitation.

When defendant appeared in court on the 14th of November and the motion for discharge was heard, it is evident that neither the court nor counsel considered that defendant waived his right to insist on the motion by consenting that it should be heard on the 14th rather than on the 16th of November. The statement of the district attorney is set out in the record, and it clearly appears therefrom that his argument against the motion was based solely upon the assertion, which, though it may be true, is, unfortunately for him, negatived by the record that the prosecution was at all times ready for trial and that the continuances were not made on its motion. There was no suggestion below that defendant's right to insist upon the motion was waived by his consent to have it heard two days before the time fixed for trial by the last previous order of the court. It also clearly appears that a copy of the motion for a discharge was received by the district attorney

November 13th, the day before it was heard. This indicates an intention upon the part of defendant to insist upon his statutory right of discharge, and the consent to have it heard two days in advance of the time when, without such consent, it would have been heard by the court, does not operate as a waiver by defendant of his right to insist upon his discharge for want of diligent prosecution.

It, therefore, clearly appearing that defendant's trial did not occur for more than three terms after his arraignment in the county court, and it further appearing that no showing for a continuance to the third term was made by the district attorney, and that defendant has not lost his rights by a waiver, it necessarily follows that the motion for the discharge should have been granted. The judgment is therefore reversed and the cause remanded, with instructions to the trial court to enter an order setting the defendant at liberty.        *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.