THE STATE OF FLORIDA *ex rel.*, PRESTON GAYLE, *Plaintiff in Error*, v. W. H. DOWLING, AS SHERIFF OF DUVAL COUNTY, FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed January 30, 1926.

*Chester Bedell,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *H. E. Carter,* Assistant, for Defendant in Error.

WHITFIELD, J.—In a petition filed in the Circuit Court for Duval County for a writ of *habeas corpus,* it is alleged that the petitioner was on June 11th, 1925, charged with first degree murder of his father, and upon preliminary hearing that day was committed without bail; that on June 18, 1925, in *habeas corpus* proceedings bail was fixed in $2,500.00; that on June 25, 1925, he was charged in the Criminal Court of Record for Duval County, Florida, with murder in the first degree; that on July 30, 1925, the petitioner was brought to trial and the jury disagreeing, a mistrial was entered and the cause continued for the term; that on September 29, 1925, the petitioner was again brought to trial and the jury disagreeing, a mistrial was entered and the cause continued for the term; that on November 30, 1925, the petitioner was again brought to trial, and the jury disagreeing, a mistrial was entered and the cause continued for the term; "that by reason of

the premises" petitioner "is unlawfully deprived of his liberty" and asks to be "forever discharged from the crime"; and further alleging that petitioner is unable to make the required bond, asks that "such judgment be given as may be in accordance with law."

The court sustained a demurrer to the petition and allowed a writ of error, which was taken.

A writ of error lies to a judgment or final order refusing to grant a writ of *habeas corpus*. Keen v. Murray, 75 Fla. 154, 77 So. 855; Lee v. Van Pelt, 57 Fla. 94, 8 So. 632; *Ex parte* Edwards, 11 Fla. 174; Baender v. Barnett, 255 U. S. 224, 41 Sup. Ct. Rep. 271. An order sustaining a demurrer to a petition for a writ of *habeas corpus* may be a final order to which a writ of error would lie where the order does not contemplate an amendment to the petition or other proceedings in the cause in the same court or before the same judge.

The Constitution and statute provide that there shall be six terms of the criminal courts of record in each year. Sec. 26, Art. V, Const.; Sec. 5962, Rev. Gen. Stats. 1920.

Section 6057 of the Revised General Statutes provides: "If any person be committed for felony and shall apply to the court by motion on the first day of the term and shall desire to be brought to his trial before the end of the term and shall not be indicted at that term, unless it appear to the satisfaction of the court that the witnesses could not be procured, the court shall set him at liberty upon his giving bail in a reasonable penalty to appear at the next term, and if he be not indicted at the second term, unless the attendance of the witnesses is prevented by himself, he shall be discharged from imprisonment, and if he is not tried at or before the third term after his examination he shall be forever discharged from the crime."

It is contended that the petitioner is entitled to be for-

ever discharged from the crime because he has not been "tried at or before the third term after his examination," upon the theory that a mistrial is not a trial.

The Constitution commands that "in all criminal prosecutions the accused shall have a right to a speedy and public trial." Sec. 11, Declaration of Rights.

While the Constitution secures to an accused "*a right to a speedy trial*," it does not forbid a waiver of such *right* by the accused.

The above organic provision and the effectuating statutes do not contemplate or require that an accused shall be tried except in due course of the court procedure that is provided for the trial of persons charged with crime. Terms of court, general and special, are provided; and criminal trials are required to be had during the terms of court that are legally held.

A trial is had within the meaning of the organic and statutory provisions even though the jury disagree and are discharged and a mistrial entered of record; and when the jury is not arbitrarily discharged (Allen v. State, 52 Fla. 1, 41 South. Rep. 593), such mistrial does not constitute former jeopardy. White v. State, 63 Fla. 49, 59 South. Rep. 17; Smith v. State, 40 Fla. 203, 23 South. Rep. 854; Adams v. State, 34 Fla. 185, 15 South. Rep. 905; Johnson v. State, 54 Fla. 45, 44 South. Rep. 765.

In criminal prosecutions the State is the plaintiff and also may have the custody of the accused. This is essential for the protection of society. The State is not responsible for the criminal act charged, or for the failure of juries to agree upon verdicts, or for the inability of an accused to procure bail when it is permitted by law. Under exist-

ing law where a trial is had in due course of law and of appropriate court procedure, and the jury failing to agree upon a verdict, a mistrial is entered and the jury is discharged, with a continuance of the case for the term as provided or contemplated by law, the accused is not entitled to a discharge "from the crime," even if there have been three such mistrials and continuances at successive terms of the court. Where it does not appear that in trials had where the jury failed to agree on a verdict, a continuance was arbitrarily ordered without the acquiescence of the accused, he may not ordinarily be released from custody on reduced bail or without bail. See Griswold v. State, 77 Fla. 505, 82 South. Rep. 44; *Ex parte* Warris, 28 Fla. 371, 9 South. Rep. 718. It appears the petitioner was tried at each successive term "'after his examination," therefore he is not entitled to "be forever discharged from the crime" under Section 6057, Rev. Gen. Stats. Such statutes as those in Texas and Georgia that controlled the decisions in cases cited for the plaintiff in error are not a part of the law of this State.

The petition did not make a *prima facie* case for the issuance of a writ of *habeas corpus,* either for the discharge of the petitioner from custody or "from the crime," or for reduced bail, therefore the final order sustaining a demurrer to the petition was proper, and it is affirmed.

BROWN, C. J., AND TERRELL AND STRUM, J. J., concur.