54 So.2d 431 (1951)
KELLY, Sheriff,
v.
STATE ex rel. MORGAN.
Supreme Court of Florida, en Banc.
October 16, 1951.
Rehearing Denied December 13, 1951.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellant.
O.B. White and E.S. Corlett, III, Miami, for appellee.
TERRELL, Justice.
In December 1949 James Morgan was arrested on a criminal charge and on February 23, 1950, he was given a preliminary hearing before a Justice of the Peace. He was charged with murder in the first degree and bound over without bond, subject to the action of the Grand Jury. May 8, 1950, he was indicted for murder in the second degree and entered a plea of not guilty. He was tried August 22, 1950, resulting in a mistrial. The case was then set for trial November 3, 1950, but, upon the State's motion was postponed. These proceedings took place in Dade County where there are three terms of the Circuit Court and six terms of the Criminal Court of Record annually.
November 30, 1950, on petition of defendant, writ of habeas corpus was issued by the Circuit Court returnable December 1st. A return to the writ challenged some of the allegations of the petition and admitted others. In reliance on Sections 4 and 11, Declaration of Rights, F.S.A., and Section 915.01(1), F.S.A., petitioner on December 6, 1950, moved to be discharged from further prosecution. The Circuit Court ordered that he be tried within ten days or discharged from prosecution. A return to said order noted failure to try defendant and he was ordered released. This appeal was prosecuted.
The point raised turns on the application of Sections 4 and 11, Declaration of Rights and Section 915.01(1), F.S.A. to the order of the trial court, releasing petitioner from further prosecution.
Section 915.01(1), F.S.A. is as follows: "When a person has been committed to custody to answer any criminal charge, and shall apply to the court on the first day of the term to which he has been committed, that he desires to be brought to his trial *432 before the end of the term, and shall not be indicted or informed against at that term, unless it appear to the satisfaction of the court that the witnesses could not be procured, the court shall set him at liberty upon his giving bail in a reasonable penalty to appear at the next term. If the person in custody be not indicted or informed against in the second term, unless the attendance of witnesses is prevented by himself, he shall be discharged from imprisonment; and if he is not tried at or before the third term after the date he is first committed, he shall be forever discharged from the crime."
Section 915.01(1), F.S.A. specifies the manner in which a speedy trial, as guaranteed by Sections 4 and 11, Declaration of Rights, may be secured, the pertinent part to this case being that he must "apply to the court on the first day of the term to which he has been committed, that he desires to be brought to his trial before the end of the term." This provision must be read with the concluding provision, "if he is not tried at or before the third term after the date he is first committed, he shall be forever discharged from the crime." The real point here is whether or not petitioner has syncronized his request for trial with these provisions of the statute.
Silence on the part of the accused will not activate the statute. If he desires a speedy trial he must ask for it, otherwise it will not be afforded him. The petitioner did not ask for a trial till after he was bound over by the Justice of the Peace, indicted by the Circuit Court, arraigned in and entered a plea of not guilty in the Criminal Court of Record, which appears to have been July 18, 1950, during the June term of said Court. The petition for habeas corpus does not claim that any request was made for trial before that time. He had in the meantime been offered bail but was unable to give it.
In our view, it necessarily follows that the June Term, 1950, Criminal Court of Record, was the earliest date Section 915.01(1), F.S.A. could begin to operate. It was the first term at which request for trial could have been made and it was the first term after he was committed to custody as contemplated by the statute. Three terms must elapse before he is entitled to discharge thereunder. The case was set and came on for trial August 22, 1950, at which time petitioner asked for a continuance. The continuance was denied and the trial proceeded, but resulted in a mistrial. The case was then continued to October 10, 1950, which was in the October term of the Court.
The authorities are not in accord as to the effect of a mistrial in this kind of a situation, but it seems that this court has taken the position that a mistrial is a trial as contemplated by the statute and the statute begins to run anew in case of a mistrial. State ex rel. Gayle v. Dowling, 91 Fla. 236, 107 So. 267. If this holding is to be law, since application for discharge was made at the August Term, the October Term is the first of the three terms that must elapse without trial in order to invoke Section 915.01(1), F.S.A. It is shown that the continuance from October to the December Term was for good cause shown, so anyway counted, the State had to the end of the December Term, 1950, to try petitioner. The December Term, 1950, ended in February 1951, so the trial court was in error in requiring that appellee be forever discharged because the State failed to try him by December 16, 1950.
It is not amiss to point out that in adjudicating one's right under the Statute, chronology is not the only factor to guide the Court. If there has been a mistrial or a continuance for good cause, or if for other good and sufficient reasons a trial cannot be provided, the statute may be tolled. The real purpose of the statute is to cut off procrastination and dilly-dallying. There is no such showing in this case, so the judgment appealed from is reversed.
Reversed.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.
CHAPMAN, ADAMS and ROBERTS, JJ., dissent.