No. 20,308.

ORLANDO PINEDA *v.* THE PEOPLE OF THE STATE OF COLORADO.
(383 P. [2d] 793)

Decided July 15, 1963.

Mr. SAM T. TAYLOR, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN E. BUSH, Assistant, for defendant in error.

*En Banc.*

Opinion by MR. JUSTICE SUTTON.

PLAINTIFF in error, to whom we will refer as defendant, was convicted in the district court of Huerfano County of possession of a partly smoked marijuana cigarette (Cannabis Sativa L) and sentenced to six to nine years in the state penitentiary. He seeks relief from the judgment by writ of error.

The record discloses that on the night of January 27, 1961, the defendant went to the Star Light Cafe in Walsenburg, Colorado. He arrived at about the same time as the city police who were taking his friend, Roberta Balles, to police headquarters. Defendant followed the police to their headquarters to make further inquiry as to what had happened to Balles. Whether he then got abusive with the police, as they maintain, or whether the police unnecessarily roughed up the defendant, as he claims, is not clear. In any event the result was that a half smoked marijuana cigarette was either found in, or fell out of, defendant's pants cuff. At about the same time Roberta Balles had surrendered a different marijuana cigarette to the same policeman.

A joint information was filed against defendant and Balles. Without objection by defense counsel (appointed to defend them) both were tried together. A guilty verdict against both defendant and Balles was returned on May 5, 1961. On May 19, 1961, defendant waived his right to a new trial and was sentenced. On October 30, 1961, defendant filed a motion for new trial on the grounds that the verdict was contrary to the law and evidence and that the joint trial was prejudicial to his rights. This motion was denied.

■ Only one ground is urged for reversal, namely that the joint trial was prejudicial to defendant. In support of this contention we are referred to the testimony of Raymond Castro, one of the arresting officers. It appears that in his testimony Castro frequently confused the pronouns "he" and "she" and defendant urges that this made it difficult at times to ascertain which of the defendants Castro was referring to. He maintains that this confused the jury and operated to his disadvantage. An overall reading of the record, however, convinces us there is no basis for this contention and no error can be predicated thereon. Here defendant had consented to a joint trial and if he felt the use of the words in question should have been explained such could have been done on cross examination. In addition, by consenting to the joint trial defendant waived any right to urge a later objection thereto based solely on the joinder.

■ Defendant cites *Cummins v. People*, 4 Colo. App. 71, 34 Pac. 734 (1893) and *White v. People,* 8 Colo. App. 289, 45. Pac. 539 (1896) to the effect that the trial court *sua sponte*, should have declared a mistrial at the conclusion of the trial due to the asserted confusion caused by the testimony referred to. Neither case is applicable to facts such as those before us, where the court had jurisdiction over the person and the offense and defendant had consented to a joint trial. Nor is this a case where separate and distinct offenses are contained in one indictment. This is merely a case arising out of an interrelated occurrence in which a joint trial was permissible. See 23 C.J.S. *Criminal Law,* §931 b.

The judgment is affirmed.

Mr. Justice Hall concurs in the result;

Mr. Chief Justice Frantz and Mr. Justice Moore not participating.