250 So.2d 264 (1971)
Rene RUESTER, Petitioner,
v.
W. Rogers TURNER, Judge, Criminal Court of Record, Division B, Orange County, Florida et al., Respondents.
No. 39390.
Supreme Court of Florida.
July 7, 1971.
Rehearing Denied July 29, 1971.
*265 James M. Russ, and Charles R. Trulock, Jr., of the Law Offices of James M. Russ, Orlando, for petitioner.
Robert L. Shevin, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for respondents.
CARLTON, Justice.
We now consider the effect of a mistrial on the computation of terms under Fla. Stat. § 915.01(2), F.S.A., relating to speedy trials.[1] Our jurisdiction results from a conflict between the decision of the District Court, Third District, rendered below and State ex rel. Johnson v. Edwards, 233 So.2d 393 (Fla. 1970). Article V, Section 4(2), Florida Constitution, F.S.A.
Petitioner was arrested March 1, 1969, on a charge of possession and sale of a prohibited drug. He was admitted to bail on the same day. This occurred in the *266 first term of the Criminal Court of Record, Orange County, for the year 1969. In the succeeding term, running from March 10 through May 11, no action was taken by petitioner regarding speedy trial. But on May 12 of the term running from May 12 through July 13, a demand for trial was filed under Fla. Stat. § 915.01(2), F.S.A. A second demand was filed on July 14 of the following term, held from July 14 through September 7. On September 8, during the term of court held from September 8 through November 9, 1969, the third demand was filed.
A trial commenced on Ocotober 23 within the last term referred to above. On the fifth day of trial, the prosecution made a remark which petitioner found objectionable, and a mistrial was granted on his motion. The next term of court ran between November 10 and January 11, 1970. Petitioner filed a fourth demand on November 10. Two days later, he lodged a motion with the trial court, seeking dismissal of his prosecution with prejudice. This was denied on November 26, and the court assigned February 2, 1970, as the date for a new trial. Petitioner's objections to the new trial date were also denied.
On January 28, 1970, petitioner sought to obtain a writ of prohibition and/or mandamus from the District Court. This was denied through a form order. Certiorari was applied for here on the contention that the District Court's action raised a conflict of law with State ex rel. Johnson v. Edwards, supra.
In Johnson, a defendant filed three demands for trial before moving for a change of venue. The change was granted and a fourth demand was filed with the Court in the new location. The defendant ultimately sought release from continued prosecution on the ground that taking all of his demands together, he had been denied a trial in conformance with the statute. The trial court ruled against dismissal and the defendant unsuccessfully sought relief through a petition for a writ of mandamus lodged with the District Court. The District Court granted the alternative writ, but then discharged it after determining that the application for change in venue constituted a continuance granted upon the defendant's request; see State ex rel. Johnson v. Edwards, 219 So.2d 450 (4th D.C.A.Fla. 1969). We reversed the District Court on appeal, saying, in part, that the continuance provision would not apply in instances where the defendant has had to move in the interest of safeguarding his fundamental rights to a fair trial.
In the instant case, we concur with petitioner that under Johnson, the motion for mistrial on account of the prosecution's prejudicial remark should not have been considered as a continuance. It was a step necessitated by petitioner's right to a fair trial. But petitioner further contends that since the mistrial motion was not a continuance, he was entitled to release since a new trial was assigned, over his objections, to the term of court running from January 12 through March 8, 1970. In effect, his position is that he was entitled to a trial within the term running from September 8 through November 9, 1969, and that the mistrial did not satisfy the statutory safeguards afforded to him through Fla. Stat. § 915.01(2), F.S.A. Although petitioner does not mention it, the position he urges is similar to that taken in mistrial situations by the courts of the State of Georgia. See Rider v. State, 103 Ga. App. 184, 118 S.E.2d 749 (1961); Nix v. State, 5 Ga. App. 835, 63 S.E. 926 (1909); but also see, Brown v. State, 85 Ga. 713, 11 S.E. 831 (1890). Under Georgia decisions, if a mistrial occurs within the two terms of court provided for by the Georgia demand statute, the defendant must still be tried within the two terms or discharged.
Other states have taken the position that under speedy trial statutes, a mistrial constitutes a trial and, therefore, the statutory demand period begins anew. See State v. Spergen, 1 McCord (12 S.C.L.) 563 (1822); People v. Pierson, 149 Cal. App.2d 151, 307 P.2d 994 (1957); People v. Wade, 62 Ill. App.2d 481, *267 210 N.E.2d 791 (1965) [where mistrial sought by defendant].
Another line of reasoning is that when a mistrial results, the demand statute has been complied with and the time for retrial is discretionary with the courts. See Glover's Case, 109 Mass. 340 (1872); People v. Eickert, 124 Ill. App.2d 394, 260 N.E.2d 465 (1970); State v. Dilts, 76 N.J.L. 410, 69 A. 255 (1908); State v. Fromkin, 174 Neb. 849, 120 N.W.2d 25 (1963) follows this approach, but with the additional twist that the retrial must not be delayed longer than the time limitation provided by the speedy trial statute.
This Court decided in State ex rel. Gayle v. Dowling, 91 Fla. 236, 107 So. 267 (1926), that a mistrial constituted a trial under Section 6057, Rev.Gen.Stat. 1920, a predecessor of Fla. Stat. § 915.01(1), F.S.A. Prosecution of the relator had proceeded through three successive mistrials, and he contended that he was entitled to discharge because not "tried at or before the third term after his examination" as provided by the statute. Our response was that: "A trial is had within the meaning of the organic and statutory provisions, even though the jury disagree and are discharged and a mistrial entered of record * * *." 107 So. at 269. A relatively similar situation obtained in Kelly v. State, ex rel. Morgan, 54 So.2d 431 (Fla. 1951), and citing Gayle, we again held that a mistrial was a trial.
Although both Gayle and Kelly involved early statutory forms of Fla. Stat. § 915.01(1), F.S.A, and although both were concerned with mistrials resulting from a deadlocked jury, we perceive no compelling reason why the same logic should not apply to mistrials generally under Fla. Stat. § 915.01(2) F.S.A. This conclusion is reinforced by the additional fact that the latter statute requires that the defendant be "brought to trial" within the period specified; see, State v. Fromkin, supra. By definition, a mistrial cannot occur until one has first been brought to trial.
Yet, while we agree with the proposition in Kelly treated above, we are no longer content with our further holding in Kelly that a mistrial sets the statute running anew. Beginning with the Habeas Corpus Act, 31 Car. II, ch. 2, passed by Parliament in 1679, speedy trial provisions have been designed to protect the citizen against unjust imprisonment by guaranteeing a timely opportunity to test the evidence against him and seek deliverance through a favorable verdict. A construction allowing for a continuing series of new demand periods reinstated in the event of each mistrial would soundly defeat the purpose of the statutes, and do violence to our organic guarantee of speedy trial as well. That portion of the Kelly case referring to the reinstatement of the statutory demand period following a mistrial is hereby specifically receded from and held as for naught.
We now agree with those courts that have determined that if a mistrial results, compliance with the statutory requirements is satisfied. The time for retrial then becomes a matter of discretion with the trial court, which is to be measured by constitutional standards of reasonableness and fairness under the constitutional speedy trial right. See Glover's Case, People v. Eickert, State v. Fromkin and State v. Dilts, all supra.
Examining the events in the instant case, we do not find that the District Court erred in denying petitioner's motion below. The trial court set a new trial date a term and a half away from the term in which the mistrial occurred. In actual days, the span between the date of mistrial and retrial numbers ninety-five, a figure comparing favorably with our recent additional Rule of Criminal Procedure 1.191, subsection (g), 33 F.S.A., relating to mistrials in speedy trial cases; this Rule is reported at 245 So.2d 33 (Fla. 1971). Finding this time interval to be both reasonable and fair under the circumstances of this *268 case, we conclude that the District Court properly denied the petition for writ of mandamus and/or prohibition lodged below.
For the foregoing reasons, the writ of certiorari issued in this cause is discharged.
It is so ordered.
ROBERTS, C.J., and ADKINS and DEKLE, JJ., concur.
BOYD, J., dissents with opinion.
ERVIN, J., dissents and concurs with BOYD, J.
CHRISTIE, FRANCIS J., Circuit Judge, dissents with opinion and concurs with BOYD, J.
BOYD, Justice (dissenting):
I respectfully dissent.
The Constitutions of the United States and of the State of Florida, guarantee that each accused person is entitled to both a fair and speedy trial. The essence of the Statute mentioned above, § 915.01(2), is that persons who are accused of a crime shall be set free provided they have filed the written applications for trial as provided by Statute and defined by case law, unless the State shall have tried them within said time. The real question before the Court with respect to this particular case is whether the circumstances of the proceedings in the trial court have met the requirements of the above Statute for release and discharge of the petitioner.
The State admits that the petitioner properly filed application for speedy trial during the first two terms of court and that he properly applied for a speedy trial during the third term of court and that during said term the State was trying him but a mistrial resulted. Obviously, if the State had tried him in a second trial during the third term, the petitioner would not have been authorized to be released because of the failure of the State to try him timely. The record shows that defendant was not afforded the benefits of a new trial during the third term and further shows that the defendant demanded speedy trial at the beginning of the fourth term but during said fourth term did not get the trial he was seeking. It is obvious that all four of the terms were consecutive terms as contemplated by the Statute. Even if in computing the time the third term should be eliminated completely then the fourth term should be regarded as the third consecutive term.
This Court in State ex rel. Johnson v. Edwards, 233 So.2d 393 (Fla. 1970), determined that in applying § 915.01(2) the State must give credit to the accused for terms of court in which he had sought trial in Hillsborough County and also give credit as a consecutive term to a term of Court in Orange County, after a change of venue had been granted. It seems to me that the logic and reasoning of the Johnson case would justify the release of the petitioner in the instant case. Therefore, the order of the District Court of Appeal should be quashed and the cause remanded to the District Court with directions to remand to the trial court for the entry of an appropriate order releasing and discharging the petitioner.
ERVIN, J., and CHRISTIE, FRANCIS J., Circuit Judge, concur.
CHRISTIE, FRANCIS J., Circuit Judge (dissenting):
I respectfully dissent.
In the case at Bar the petitioner, appellant was put to trial in the third term of court after he had moved for a speedy trial *269 on three successive occasions. At the close of the fifth day of trial the prosecutor, on redirect examination of a States witness propounded the following question:
"Question: Okay. I believe you are presently on probation, Mr. Murfin * * *"; in the face of said remark defense counsel requested the removal of the jury and moved the court for a mistrial. After argument on the motion the Court observed: "Which[*] makes me question the propriety about your asking about his being on probation, Mr. Powers (Assistant County Solicitor). If it does not relate to events of that evening it can hardly do anything but hit at guilt by association. I'm going to grant the motion." There remained in the third term of court sufficient time to put the accused to trial, however, the same did not occur.
On the first day of the next term of court the accused filed his fourth demand for a speedy trial but was not afforded the same. The petitioner thereafter filed a Petition for Writ of Mandamus and/or Prohibition in the District Court of Appeal, Fourth District of Florida, based upon the contention that he was entitled to both a speedy trial and a fair trial and that he did not have to waive one right in order to secure the other. The petition was denied by the District Court and thereafter this court granted Certiorari.
It seems that the pivotal question to be answered by this court is whether or not a person who is accused of a crime is entitled to both a speedy trial and at the same time a fair and impartial trial and when he asserts his right to one must he relinquish his right to the other?
This question in my opinion answers itself; certainly a person who is accused of a criminal offense is entitled to a speedy trial and once the trial begins it must comport with due process of law and meet every constitutional requirement. Due process of law is not self-executing, it must be promoted and be jealously guarded by men dedicated to the ideals of fairness and the administration of justice. Due process of law exists in whole and not in part. The law should not grant a right in one hand and take it away by the other.
Nor should the law permit a prosecutor to benefit from the infectious remarks that he himself injected into the trial by visiting upon the accused the adverse results of said remarks, by holding that the accused's right to a speedy trial was not violated when the mistrial was declared by the trial judge.
It has been held by this court since time immemorial that the prosecutor in a criminal case is a quasi-judicial officer and as such it is his duty and his obligation to insure the accused of a fair and an impartial trial. This duty and this obligation is receded from when in the course of a trial, regardless of its duration, he chooses to indulge in conduct, language or acts that are prejudicial to the accused and rob him of his right to a fair and an impartial trial, Gluck v. State, 62 So.2d 71 (Fla. 1952).
I find no difficulty in accepting the proposition that a mistrial resulting from a deadlocked jury constituted a trial as held by this court in the case of State ex rel. Gayle v. Dowling, 91 Fla. 236, 107 So. 267 (1926) and in the case of Kelly v. State ex rel. Morgan, 54 So.2d 431 (Fla. 1951). In those cases the State had put the accused to trial[*]timely and fairly[*] and through no fault of its own the juries were unable to agree and were hopelessly deadlocked resulting in mistrials. There was no showing in these cases that prejudice or any other unfair tactic had occurred other than the honest disagreement of good men sitting as jurors. To hold that a jury must agree in order to satisfy the demand for a speedy trial would be ludicrous and a violation of common sense.
*270 This court in the recent case of State ex rel. Johnson v. Edwards, 233 So.2d 393 (Fla. 1970) found no fault with the accused when he moved for a change of venue after having made three successive demands for a speedy trial in Hillsborough County, and after the motion for the change of venue was granted to Orange County, he demanded for the fourth time a speedy trial in that county, which was not granted. He thereafter petitioned for Writ of Mandamus to compel dismissal of the criminal charge lodged against him. The District Court of Appeal, Fourth District, denied the petition and the defendant appealed. This court in quashing and remanding to the District Court ordered said court to issue its order to the trial court to discharge the accused from further prosecution and by so doing approved and supported the proposition that an accused is entitled to both a speedy trial and a fair trial, and when he asserts his right to one he need not forfeit his right to the other.
Without attempting to impute intentional wrong to the prosecutor in the case under consideration, it is my sincere belief that his remarks robbed the petitioner of both a speedy trial and a fair and an impartial trial,[**]for which the State should not benefit. If the accused had prevented the attendance of the witnesses, had moved for a continuance of the trial or had committed some other act prejudicial to the State, he should forfeit his right to a speedy trial. But where he, through his advocate, guards his right to a fair trial and moves for a mistrial because of prejudicial remarks of the prosecutor, he should not be penalized therefor.
It follows, that the order of the District Court of Appeal should be quashed and the cause remanded to the District Court with directions to remand to the trial court for the entry of an appropriate order releasing and discharging the petitioner.
NOTES
[1] Repealed by Florida Laws, Ch. 71-1 (B); see also, Florida Rules of Criminal Procedure, 1.919, reported at 245 So.2d 33 (Fla. 1971).
[*] Italics added.
[**] Italics added.