JOHNSON, Judge.
The appellant appeals from a conviction by a jury of the crime of selling an hallucinogenic drug.
In his assignments of error, the appellant contends that the trial court committed seven errors, but we have reviewed the record and briefs, and all of the assignments either consolidated in the briefs or abandoned, are without merit, except Assignment #3, which is appellant’s point 1 in his brief.
This point is not without merit, but we hold that the law applicable to this point is adverse to the appellant.
The appellant and the appellee both contend that this question is of first impression. Both are in error on this question, because the Supreme Court of Florida has had this exact question before it in the case of Ruester v. Turner, 250 So.2d 264, 267 (Fla.1971), wherein we find this language:
“We now agree with those courts that have determined that if a mistrial results, compliance with the statutory requirements is satisfied. The time for retrial then becomes a matter of discretion with the trial court, which is to be measured by constitutional standards of reasonableness and fairness under the constitutional speedy trial right. See Glover's Case [, 109 Mass. 340]; People v. Eickert [, 124 Ill.App.2d 394, 260 N.E.2d 465]; State v. Fromkin [, 174 Neb. 849, 120 N.W.2d 25] and State v. Dilts [, 76 N.J.L. 410, 69 A. 255], all supra.”
In this case, supra, in actual days, the span between the date of mistrial and retrial numbers 95. The Supreme Court added that this figure, 95, compares favorably with “our recent additional Rule of Criminal Procedure 1.191, subsection (g) 33 F.S.A., relating to mistrials in speedy trial cases.”
In our case, we find that the interval of time between the date of mistrial and the date of the new trial, which was 63 days, was both reasonable and fair under circumstances, and within subsection g, of Rule 1.191, now Rule 3.191(g).
The other points being without merit, the judgment of conviction is affirmed.
SPECTOR, C. J., and RAWLS, J., concur.