CORA WHITNER v. STATE OF NEBRASKA.

FILED OCTOBER 15, 1895. No. 6539.

1. **Criminal Law:** FAILURE TO TRY ACCUSED: TIME: DISCHARGE. In construing section 391, Criminal Code, providing for the discharge of any person indicted who after having given bail shall not be brought to trial before the end of the third term of court held after the finding of the indictment, the term at which such indictment is found should be excluded.

2. ———: VARIANCE BETWEEN INDICTMENT AND COMPLAINT: OBJECTION. Objection on the ground that the offense charged in an indictment or information differs from that named in the complaint upon which the accused was held to answer should be made by plea in abatement and not by motion to quash.

3. ———: DIFFERENT GRADES OF OFFENSES: INSTRUCTIONS. The rule recognized in the second paragraph of the syllabus of *Botsch v. State*, 43 Neb., 501, is applicable to cases only in which there is an entire failure of proof to sustain the higher grade of offense charged.

4. ———: ———: ———. It is not error in a criminal prosecution to submit to the jury the question of the defendant's guilt of a higher grade of offense than that for which the conviction is had, provided there is evidence to sustain such charge, although it is possible or even probable that a verdict therefor, had one been rendered, would have been set aside as unsupported by the evidence.

5. **Assault:** EVIDENCE. Evidence *held* to sustain the conviction for an assault and battery.

ERROR to the district court for Colfax county. Tried below before SULLIVAN, J.

*Phelps & Sabin,* for plaintiff in error :

Plaintiff in error, standing *in loco parentis,* had the right to reasonably chastise the child to enforce her authority. (*Snowden v. State,* 12 Tex. App., 105; *Gormon v. State,* 42 Tex., 221; *Dowlen v. State,* 14 Tex. App., 61; 1 Am. & Eng. Ency. Law, 794.)

In addition to the general presumption of innocence, the plaintiff had in her favor the presumption that the punishment was proper and reasonable, and the burden was on prosecutrix to prove that it was excessive. (*Marlsbary v. State,* 37 N. E. Rep. [Ind.], 558; *Anderson v. State,* 2 Head [Tenn.], 455; *Lander v. Seaver,* 32 Vt., 114; *Patterson v. Nutter,* 8 East. Rep. [Me.], 652.)

The following cases were also referred to in argument: *Friederich v. People,* 35 N. E. Rep. [Ill.], 473; *Patterson v. State,* 85 Ga., 131; *Chrisman v. State,* 54 Ark., 283; *Tiffany v. Commonwealth,* 121 Pa. St., 165; *Turner v. Muskegon Circuit Judge,* 50 N. W. Rep. [Mich.], 310; *Commonwealth v. Roby,* 12 Pick. [Mass.], 496; *State v. Wheeler,* 3 Vt., 344; *State v. Kyne,* 53 N. W. Rep. [Ia.], 420; *Child v. State,* 34 Neb., 236.

*A. S. Churchill, Attorney General,* and *George H. Thomas,* for the state.

Post, J.

The plaintiff in error was by information in the district court for Colfax county charged with assaulting one Annie Walker, a child nine years of age, with intent, unlawfully and feloniously, to inflict great bodily injury, etc. Upon the filing of the information, to-wit, March 28, 1893, a motion to quash and for the discharge of the accused was interposed, in which the following grounds were in different forms alleged: (1.) No preliminary examination of the accused was had previous to the filing of said information.

14

(2.) Said information was not filed until the third regular term of court after the pretended examination before the magistrate.  (3.) Said information was filed without authority of law.  Said motion having been overruled, a plea of " not guilty" was entered and a trial had, resulting in a verdict finding the accused guilty of an assault and battery, upon which judgment was subsequently entered and which it is sought to reverse by means of this proceeding.

It is further shown by the record that on the 22d day of June, 1892, an information was filed by the county attorney, charging the accused with assaulting the said Annie Walker with intent to inflict great bodily injury, etc.  The record of each of said informations is preceded by a recital to the effect that a preliminary examination was had before J. W. Brown, a justice of the peace for Colfax county, on the 5th day of February, 1892.  It also appears that on the 14th day of March, 1893, there was filed a plea in abatement directed to the last mentioned information, which was on the same day sustained by the court, and the county attorney was thereupon permitted to file the second or amended information, upon which the accused was subsequently tried.  It should, however, be mentioned that the record does not contain a transcript of the docket of the examining magistrate, or of the plea in abatement, our only information with respect to either being that imparted by the recitals above mentioned.

1. It is argued that the accused was entitled to be discharged under the provisions of sections 389, 390, and 391, Criminal Code, and that the district court accordingly erred in denying the motion to which reference has been made.  Section 389 refers to cases only in which the accused has been committed to jail, and can have no application to the facts of this case, since it is affirmatively shown by the record that the accused had given bail for her appearance before the district court.  It was held in *Hammond v. State*, 39 Neb., 252, that the defendant in a crimi-

nal prosecution, who has never been committed to jail or otherwise detained in custody, is not entitled to be discharged under the provisions of section 390 on the ground that he has not been brought to trial before the end of the second term of court after the finding of the indictment or the filing of the information. It was further held that in construing the provision of section 391 for the discharge of any person indicted who, after having given bail, shall not be brought to trial before the end of the third term held after the finding of the indictment, the term at which such indictment is found should be excluded. The May, 1893, term, at which the accused was convicted, was the third term after the filing of the first information, reckoned by the rule thus stated. It is clear, therefore, that she was not entitled to be discharged on account of the delay of the state, and the court did not err in denying the motion on that ground.

2. It is conceded by counsel that the plaintiff in error was given a preliminary hearing, as recited by the record of the district court, upon some charge, presumably that stated in the information, upon which she was subsequently tried. It has been held that objection on the ground that the offense charged in the indictment or information is not the one named in the complaint upon which the accused was held to answer should be made by plea in abatement, and not by means of a motion to quash. (See Cowan v. State, 22 Neb., 519; Hill v. State, 42 Neb., 503.) It follows that the motion to quash was rightly overruled.

3. It is argued that there was no evidence of an intent on the part of the accused to inflict great bodily injury upon the child named in the information, and that the district court erred in submitting that question to the jury. In Botsch v. State, 43 Neb., 501, the information contained two counts, the first charging an assault with intent to murder, and a second charging an assault with intent to inflict great bodily injury. There being no evidence what-

ever of the intent essential to the crime charged in the first count, it was held error to submit that question to the jury. It was said in *Murphey v. State*, 43 Neb., 34, that the term "great bodily injury," as employed in the Criminal Code, is not susceptible of a precise definition, but implies an injury of a graver and more serious character than an ordinary battery, and that whether a particular case is within the meaning of the statute is generally a question of fact for the jury. The accused in this case at bar is shown to have struck the child named with her hand upon the side of the head and cheek. At that time, and some four days later when examined by Dr. Long, the child's nose and one ear were swollen and inflamed, showing evident marks of violence. Some discretion is confided to the district court in the conduct of the trial, and although it is possible or even probable that a verdict for the offense charged, had such a one been rendered, would have been set aside as unsupported by the evidence, it does not follow that the submission of that question to the jury was error. In brief, the rule relied upon is applicable only to cases where, as in *Botsch v. State*, there is entire failure of proof to sustain the higher grade of offense.

4. It is contended that the accused, at the time of the alleged assault, stood *in loco parentis* to the child named, and that the striking proved was by way of punishment for disobedience and was reasonable and proper for that purpose. The question of the reasonableness of the punishment inflicted was fairly submitted to the jury, and the verdict, upon the record submitted, should not be disturbed.

AFFIRMED.