Argued October 30, affirmed November 27, 1917.

## STATE v. CLARK.*

(168 Pac. 944.)

**Criminal Law—Continuance—Consent—Effect.**

1. Defendants, indicted at the May term, who on May 15th consented to continuance to November 22d, could not complain of such continuance, in view of Section 1701, L. O. L., providing for dismissal if accused does not consent to continuance, and is not brought to trial at the next term.

**Criminal Law—Appeal—Harmless Error.**

2. Order postponing term to a day in the succeeding month, though improperly entered, was harmless error, where defendant was not and could not have been ready for trial at the adjourned term.

**Criminal Law—Speedy Trial—Waiver.**

3. Defendant's right to complain of the denial of a speedy trial is not waived by his assertion for the first time of a demand therefor

*On failure to demand trial as waiver of right to speedy trial in criminal case, see notes in 56 L. R. A. 538; 44 L. R. A. (N. S.) 871.
                                                              REPORTER.

at the beginning of the subsequent term to which the case was continued.

**Criminal Law—Continuance—Appeal.**

4. Where accused could under Section 1606, L. O. L., as amended by Laws of 1915, page 70, have appealed from an order denying his motion for immediate trial or dismissal, and continuing the case, his failure to do so, and his renewal of the motion at the beginning of the next term, was improper practice.

**Criminal Law—"Speedy Trial."**

5. Though Article I, Section 11, of the Constitution, providing that justice shall be administered openly and without delay, does not in terms guarantee a speedy trial, it will be construed to assure a speedy trial, which is a trial conducted according to fixed rules, regulations and proceedings of law, free from vexatious, capricious and oppressive delays, created by the ministers of justice.

**Criminal Law—Right to Speedy Trial.**

6. The constitutional and legislative guaranty of a speedy trial to a party formally charged with the commission of a crime necessarily deprives a court of all discretion in delaying, without cause, a hearing, and before such right can legally be denied it must affirmatively appear from an inspection of the record made by the court that a reasonable cause for a continuation of the trial existed.

**Criminal Law—Continuance—Absence of Codefendant.**

7. Since, in prosecution of three persons jointly indicted for a felony, all must be present during the whole trial, continuance for the absence of one who was ill was proper, in the absence of motion for severance under Section 1529, L. O. L., as to separate trials.

**Criminal Law—Right to Speedy Trial—Discretion.**

8. Where two defendants jointly indicted for larceny were given a speedy trial and the jury disagreed, it was thereafter within the discretion of the judge whether they should be again tried at the same term, so that continuance to the next was not error.

[As to the right of an accused person to a speedy trial, see note in 25 Am. St. Rep. 187.]

**Criminal Law—Appeal—Record—Sufficiency.**

9. Assuming that good cause was prerequisite to continuance after jury's failure to agree at the first trial, the court's recital that good cause was shown could not be controverted in the absence of bill of exceptions.

From Grant: DALTON BIGGS, Judge.

In Banc. Statement by MR. JUSTICE MOORE.

By an indictment returned May 10, 1916, at an adjournment of the regular preceding November term of court, the defendants William Clark and Frank Mor-

86 Or.—30

rison were jointly charged with the crime of larceny, alleged to have been committed in Grant County, Oregon, October 26, 1914, by taking and driving away a mare, the property of S. V. Cochran and Theresa Cochran. Two days thereafter and at the adjourned term, these defendants and James Clark were jointly indicted for another like crime alleged to have been committed in that county June 1, 1915, by taking and driving away a mare, the property of Robert Kneighton. For the purpose of identification these actions will be respectively denominated cases numbered one and two. Pleas of not guilty were entered in both cases May 13, 1916, at the adjourned term. Two days thereafter and on the first day of the next regular term of court, both cases were, by consent of the defendants, continued to November 22, 1916, the next regular term. Case No. 2 was not tried at that term in consequence of the severe illness of the defendant James Clark. Case No. 1 came on for trial at the regular November, 1916, term, but the jury having failed to agree upon a verdict, were discharged. Thereupon the defendant's counsel without applying for a severance as to either William Clark or Morrison, by reason of the sickness of James Clark, or for any other cause, moved that both cases be set for immediate hearing, or in default thereof that the indictments be dismissed and the defendants discharged. These motions were supplemented by the affidavits of William Clark and Morrison to the effect that they and their witnesses were nonresidents of this state; that if the trials were continued it would impose a great burden upon the defendants who would be obliged to pay the traveling expenses of such witnesses to the border of Oregon, and that the affiants were unable to liquidate such charges, for which reason they did not know that the

attendance of these witnesses could be secured at another term of court.

Both motions were denied at the regular November term, 1916, and each case was continued to the first day of the next regular term, to commence May 21, 1917. The order in case No. 1 reads in part:

"It further appearing to the court this cause has been once tried at the present term and that the jury failed to agree and has been discharged, and there being sufficient cause shown and with the knowledge of the court for the continuance of this cause for the term."

In case No. 2 the order contains a clause as follows:

"And it appearing to the satisfaction of the court that the deft. James Clark is sick at Walla Walla, State of Washington, and is unable to attend at the present term of the court, and there appearing to the court other and good and sufficient reason for the continuance of this cause until the next regular term of this court."

The judge in vacation made an order which was entered May 19, 1917, postponing the beginning of the next regular term until the 11th of the succeeding month. The defendants' counsel on the day so appointed, moved to dismiss both indictments and to have the defendants discharged on the ground that the court did not have jurisdiction of either case, and that each had been continued over two terms without the consent of either defendant. These motions were supplemented by the affidavits of William Clark and Morrison, substantially detailing the facts set forth in their former sworn statements, and asserting that affiants and their witnesses were present at the November term, 1916, but against the defendants' will the hearings were continued, without any showing therefor

having been made; and that free from any fault on their part some of the material witnesses were not then within Oregon, nor was it known that their attendance could again be secured. Each of these motions was denied, and from such orders the defendants prosecute two appeals.                                    AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. A. D. Leedy.*

For the State there was a brief over the names of *Mr. George M. Brown,* Attorney General, *Mr. Phil Ashford,* District Attorney, and *Mr. Errett Hicks,* Deputy District Attorney, with an oral argument by *Mr. Brown.*

MR. JUSTICE MOORE delivered the opinion of the court.

A clause of the organic law reads in part:

"No court shall be secret, but justice shall be administered openly and without purchase, completely and *without delay*": Const. Or., Article I, § 10, of the Constitution.

Pursuant to such declaration, statutes have been enacted as follows:

"If, when the indictment is called for trial, the defendant appears for trial, and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court must order the indictment to be discharged, unless, being of opinion that the public interests require the indictment to be retained for trial, it direct it to be so retained": Section 1517, L. O. L.

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, be not brought to trial at the next term of the court in which the indictment is triable, after it is

found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown'': Section 1701, L. O. L.

It will be kept in mind that the indictments herein were found and returned in May, 1916, which was at a continuance of the regular preceding November term. The Circuit Court for Grant County, where these causes were pending, is required to be held on the third Mondays of May and November of each year: Section 2812, L. O. L.

In *State* v. *Breaw*, 45 Or. 586 (78 Pac. 896), in construing the section of the statute last quoted, it was held that ''the next term of the court in which the indictment is triable, after it is found'' as there used, meant the term succeeding that at which the formal charge was returned. To the same effect is the case of *Gillespie* v. *People*, 176 Ill. 238 (52 N. E. 250).

1. The indictments in cases numbered one and two having been respectively returned on the 10th and 12th of May, 1916, the third Monday in that month or the fifteenth day thereof, both cases were by consent of the defendants continued until November 22, 1916. The continuances thus granted having been so concurred in, as appears by the first affidavits filed in support of the motions for immediate trials, the defendants cannot now complain of any delay in that particular: Section 1701, L. O. L.

2-4. The order postponing the regular term from May 21, 1917, the third Monday in that month, to the 11th of the succeeding month, though not entered in the journal until May 19, 1917, does not, so far as disclosed by the showing made herein, seem to have prejudiced the defendants in any manner. As some of the material witnesses were not present on June 11, 1917, they could not have been ready for trial at that term, and

this being so a review of the action of the court will be limited to its first refusal to dismiss the indictments. Appeals might have been taken from such orders made in November, 1916: Section 1606, L. O. L., as amended, Gen. Laws of Oregon, 1915, Chap. 60, p. 70. No attempt however was made to review the action of the court in such respects, and as the motions were renewed at the next regular term, held June 11, 1917, the rule adopted in *State* v. *Chapin,* 74 Or. 346 (144. Pac. 1187), will not in this instance be put in practice, for if the defendants were entitled to speedy trials their right thereto was not waived if they applied for an exercise thereof at the commencement of the next term. The neglect to prosecute appeals from the orders made in November, 1916, continuing both cases to the next regular term of the court, is a practice not to be commended. The renewal of the motions, June 11, 1917, their denial, and the taking of appeals from the latter orders necessarily continued the cases until they are finally determined by this court, thereby carrying the causes over two regular terms of the trial court. As all such delays usually conduce to the advantage of a defendant in a criminal action, such procedure is not to be encouraged and will not hereafter be approved unless appeals are seasonably taken from the original denial of a motion for an immediate trial.

In speaking of the right of a defendant in a criminal action to a prompt hearing, which is guaranteed by organic law and statutory enactment, a text-writer remarks:

"In theory, at least, the right to a speedy trial may be said to have been recognized at common law in very early times. * * This constitutional provision, adopted from the old common law, is intended to pre-

vent the oppression of the citizen by holding criminal prosecutions suspended over him for an indefinite time; and to prevent delays in the administration of justice, by imposing on the judicial tribunals an obligation to proceed with reasonable dispatch in the trial of criminal accusations'': 8 R. C. L. 70. See, also, 12 Cyc. 498.

5. The clause of our Constitution hereinbefore quoted, evidently applies to the trial "without delay" of all causes and not particularly to criminal actions. Article I, Section 11, of the Constitution of Oregon, declares, however, that "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed." Though a "speedy trial" is not expressly assured by our fundamental law, the command therein that justice shall be administered "without delay" is so nearly synonymous, that the later phrase, when construed in connection with the statutes hereinbefore quoted, will be treated as guaranteeing the right to a speedy trial. Such an examination by a judicial tribunal is a trial conducted according to fixed rules, regulations and proceedings of law, free from vexatious, capricious and oppressive delays, created by the ministers of justice: 6 Am. & Eng. Enc. Law (2 ed.), 993; *Nixon* v. *State,* 2 Smedes & M. (10 Miss.) 497 (41 Am. Dec. 601); *State* v. *Keefe,* 17 Wyo. 227 (98 Pac. 122, 17 Ann. Cas. 161, 22 L. R. A. (N. S.) 896).

6. The constitutional and legislative guarantee of a speedy trial to a party formally charged with the commission of a crime, necessarily deprives a court of all discretion in delaying, without cause, a hearing, and before such right can legally be denied it must affirmatively appear from an inspection of the record made by the court that a reasonable cause for a continuation

of the trial existed: 12 Cyc. 499; *In re Begerow,* 133 Cal. 349 (165 Pac. 828, 85 Am. St. Rep, 178, 56 L. R. A. 513, 528); *State* v. *Rosenberg,* 71 Or. 389 (142 Pac. 624); *State* v. *Hellala,* 71 Or. 391 (142 Pac. 624).

7. Section 1529, L. O. L., reads in part: "When two or more defendants are jointly indicted for a felony, any defendant requiring it must be tried separately." Though the offenses charged in these indictments constitute felonies (L. O. L., § 1950) neither William Clark nor Morrison, as far as can be ascertained from an inspection of the transcript before us, moved for a severance in case No. 2. Since it was essential, in a crime of the magnitude there charged, that their co-defendant James Clark should have been present at and during the entire hearing of the cause in which he is so vitally interested (6 Am. & Eng. Enc. Law (2 ed.), 993; 12 Cyc. 523), the trial of that case was properly continued in November, 1916, on account of the latter's sickness, to the next regular term.

8. The conclusion thus reached leaves for consideration the action of the court of that date in continuing in like manner, the trial of case No. 1. A text-writer says: "A trial resulting in a disagreement of the jury does not constitute a failure to prosecute or entitle the accused to his discharge under the statute": 12 Cyc. 502. This declaration must necessarily be the correct statement of a legal principle. When a party charged with the commission of a crime has, within the time limited, had an opportunity before a court and jury to make his defense, a speedy trial has been granted, and if the jury are discharged by reason of their failure to agree upon a verdict, the granting or denial of another trial at the same term must be a matter of sound discretion: 12 Cyc. 504. Experience teaches that when a jury failing to agree upon a verdict are

discharged, immediate knowledge thereof is usually acquired by the remaining jurors or by persons who may be called as their substitutes. If another trial is forthwith had a similar disagreement often results, thereby making it difficult to secure an acquittal or a conviction, however innocent or guilty the defendant may be. The business required to be transacted by a court may be such that, in justice to other litigants, it would be almost impossible to retry a criminal action at the same term after a jury had been discharged because of their failure to agree upon a verdict. While, therefore, the "speedy trial" of a criminal action required by the statute is not, in the first instance, a matter of discretion it is such a matter after the jury have failed to agree and been discharged, and a court may retry the cause at the same term or continue it for hearing at the next regular term.

9. It will be remembered that the order made in November, 1916, in case No. 1, adverts to the failure of the jury to agree and their discharge, and also contains a clause which reads: "And there being sufficient cause shown and with the knowledge of the court for the continuance of this cause for the term." If it were necessary that a "good cause" should be shown, as required by Section 1701, L. O. L., after the jury had been discharged by reason of their failure to agree upon a verdict, the order continuing the case is sufficient in that respect. It is argued by defendants' counsel that no cause was in fact shown. The order of the court, however, is to the contrary and the recital there made and signed by the judge cannot be controverted in the absence of a bill of exceptions relating to the matter: *State* v. *Huting,* 21 Mo. 464.

As case No. 2 was not tried at the November term, 1916, it was essential that the order then made should

refer to the illness of James Clark as a reason for the continuance, and proper, perhaps, to certify that there existed "other and good and sufficient reason for the continuance of this cause until the next regular term."

No error was committed as alleged, and the orders of the court are affirmed.                    AFFIRMED.

MR. JUSTICE BEAN concurs in the result.

---

Motion to dismiss appeal denied November 28, 1916.
Argued on the merits November 21, modified December 4, 1917.