## KOPS v. STATE OF INDIANA.

[No. 27,617.    Filed June 12, 1942.    Rehearing denied October 5, 1942.]

*George L. Rulison* and *George Sands,* both of South Bend, for appellant.

*George N. Beamer,* Attorney General, *James K. Northam,* First Assistant Attorney General, and *Obed T. Kilgore,* Deputy Attorney General, for the State.

ROLL, C. J.—This was a prosecution against appellant for the alleged offense of conspiracy to commit a felony. § 10-1101, Burns' 1933, § 2909, Baldwin's 1934, Acts 1905, ch. 169, § 641, p. 584.

Appellant was jointly charged with one Louis E. Fiffe. There was a motion to quash which was overruled, and appellants present this ruling as one of the errors for a reversal of the judgment.

The affidavit, omitting the. formal parts, reads as follows:

"Henry E. Waltz, being first duly sworn, upon his oath says, that on the . . . Day of January, A. D. 1938, at the County of St. Joseph, in the state of Indiana, Louis E. Fiffe and William G. Kops did then and.there unlawfully knowingly and feloniously unite, combine, conspire, confederate and agree to and with each other for the object and purpose and with the unlawful and felonious intent that Louis E. Fiffe who was then and there Auditor of the City Water Works of the City of South Bend, Indiana, and as such Auditor would be entrusted with the receipt and safe keeping of money in the sum of Ten Thousand Five Hundred and One Dollars and Sixty-nine Cents ($10,501.69) which belonged to the City Water Works of the City of South Bend, Indiana, and which said sum would be in the possession and keeping of the said Louis E. Fiffe as such Auditor, would while acting as such Auditor and in the possession of the said money as aforesaid and entrusted as such Auditor with its receipt and safe keeping as aforesaid would then and there unlawfully, feloniously and willingly embezzle, convert and appropriate the said sum to the use of the Redz Beverage Corporation, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

Appellant first contends, in support of his motion to quash, that the affidavit does not state a public offense, because, "ownership of the funds purposed to be embezzled was not alleged." It is appellant's contention that, "The City Water Works" stated in the affidavit as the owner of the funds, is neither the name of a person or a legal entity.

Nowhere in the record does it appear whether the water works of the City of South Bend was operated by the board of public works, or by a board of trustees. Section 48-5301, Burns' 1933, § 12788, Baldwin's 1934, Acts 1933, ch. 235, § 1, p. 1063, provides for the creation by ordinance, of a department of water works, in any city or town owning and operating a water works system.

By § 48-5303, Burns' 1933, § 12790, Baldwin's 1934, being § 3 ch. 235, Acts 1933, the department of water works is placed under the management and control of a board of trustees, and by a subsequent section (§ 5 of said Act, § 48-5305, Burns' 1933, § 12792, Baldwin's 1934) the powers and duties of said board are defined. Among the powers and duties given said board, is the power to fix rates and collect water rentals for the supply of water to consumers.

By § 48-5401, Burns' 1933, § 11768, Baldwin's 1934, Acts 1931, ch. 86, § 1, city water works may be operated by the board of public works, and in this section the act refers to officers of the water works and further provides that the money so collected shall be deposited in a separate fund. Consequently, from a study of the various statutes of this State governing the control and operation of city water works, the city water works is considered and meant to be a separate department of the city government, with power to operate and manage the water works system, including the right to charge,

collect, and receive money for water service. In either event the water works, whether operated by the board of public works or by a board of trustees was authorized to receive money from its various customers for water service; and customers, when they paid their water bill to the water works, were fully discharged of their obligation, and could not be compelled to pay it again. So, under the law, the money alleged to have been embezzled was lawfully possessed and rightfully under the control of the city water works of South Bend. We therefore, hold that the words, "The City Water Works," found in the affidavit is a department of city government with power to receive and control funds in such manner as to be the subject of embezzlement.

Appellant also contends that the affidavit is bad because of uncertainty, and relies upon *State* v. *Ansley* (1912), 177 Ind. 483, 501, 97 N. E. 113; *Agar* v. *State* (1911), 176 Ind. 234, 244, 94 N. E. 819; and *Davis* v. *State* (1925), 196 Ind. 213, 147 N. E. 766.

In the first case cited above, the court used this language:

> "No greater certainty is required in criminal, than in civil, pleadings. Both must be certain to a common intent. *McCool* v. *State* (1864), 23 Ind. 127; Gillett, Crim. Law § 125. The law does not require technical niceties in the averments of an indictment. The charge should be sufficiently certain, that the court and the jury may know what they are to try, and to inform the defendant of the character of the proof which would be brought against him, and to bar another prosecution for the same offense."

In *Agar* v. *State, supra,* the following language is found

> "The true test of the sufficiency of an affidavit is whether the material averments thereof are stated

with such certainty as to apprise the defendant of the nature and character of the charge against him."

To the same effect are all the cases cited and relied upon by defendant. The latest expression of this court on this subject is found in the case *Marks* v. *State* (1942), *ante*, p. 9, 40 N. E. (2d) 108.

It is obvious from the wording of the affidavit that the money purposed to be embezzled was the money paid to city water works, and money that belonged to the City of South Bend. Appellant could not have been mislead or left in doubt as to the ownership of the money. We think the affidavit sufficient.

The second question presented by appellant in his brief is also attempted to be presented in his motion for a new trial, by objecting to certain instructions given by the court to the jury. Whether the question is properly presented by appellant's motion for a new trial we need not decide, inasmuch as the State has not challenged the sufficiency of appellant's brief.

The question around which most of the controversy centers arises out of the following situation:

This prosecution was called for trial twice. The first hearing was in January 1941, and proceeded on the theory that the purposed felony charged was the embezzling of public funds. It seemed that the State took the position that the funds in the possession and under the control of the city water works belonged to the City of South Bend, and was therefore public funds. Consequently the purposed felony was the felony defined by § 10-1701, Burns' 1933, § 2465, Baldwin's 1934.

During the progress of the proceedings, upon motion of appellant, the submission of said cause was taken from the jury, and a mistrial resulted.

At the second hearing, the State, for some unexplained reason, took a different view of the nature of the funds purposed to be embezzled, and adopted the theory that the funds in the possession of and under the control of the city water works, were private funds, and therefore the purposed felony alleged in the affidavit was that defined by § 10-1704, Burns' 1933, § 2467, Baldwin's 1934.

Inasmuch as the State contended in the second trial that the funds purposed to be embezzled were private funds, appellant contends that there is no charge or evidence that Louis E. Fiffe, as auditor of the city water works sustained any fiduciary relationship whereby he had access to the funds, and therefore the purposed felony, defined by § 10-1704, *supra*, was not sufficiently alleged or proved. The court, by its instruction No. 4, told the jury that the purposed felony alleged in the affidavit was defined by § 10-1704, *supra*, and incorporated the statute in full in the instruction. This instruction was objected to by appellant.

As stated above, it is our judgment the affidavit was sufficient to charge appellant with the crime of conspiracy to commit a felony, and the purposed felony was to embezzle public funds. Therefore, instruction No. 4 was erroneous and the judgment must be reversed, unless we can say that it was harmless.

We must keep in mind that the charge against appellant was conspiracy to commit a felony, Section 10-1101, Burns' 1933, § 2909, Baldwin's 1934, and not the crime of embezzling either private or public funds. Appellant was informed by the charge in the affidavit of the nature of the offense placed against him. He knew that the money purposed to be embezzled was the money in the possession and under the control of the city water works. He was fully informed on that subject.

The nature of the fund embezzled was not of the essence of the crime. As far as this case is concerned, it was immaterial whether the court construed the funds in the hands of the city water works as private funds or public funds. No doubt the court took the position that the city was acting in its private capacity in furnishing water service to its customers, and therefore the money received therefor was private funds.

The purposed felony charged was the embezzlement of public funds. The evidence supported the charge. No objection was made to the character of the evidence. Appellant, in his brief, does not contend that the evidence was insufficient to sustain the verdict. It cannot be said that appellant was misled by the fact that the State's attorney misconstrued the effect of the allegations in the affidavit. It is not pointed out by appellant in his brief how, or in what manner appellant's substantial rights were affected by the erroneous instruction. We are of the opinion that the record affirmatively shows the contrary. Consequently, we hold that, while instruction No. 4 was erroneous, appellant was not harmed thereby.

Appellant, because the funds alleged to have been embezzled were private funds, says that the affidavit does not contain averments of the requisite fiduciary relationship, either created by law or by agreement, between the purposed embezzler and any person, firm, corporation, etc., which was the owner or entitled to the possession of the funds.

This character of averments is unnecessary in charging embezzlement of public funds. But appellant also says, that even though the purposed felony was the embezzlement of public funds, yet the affidavit is insufficient because, appellant's co-defendant, as auditor of the city water works, was not as such auditor, charged

by law with the collection, deposit, or safe keeping of the funds of the city water works, and that said funds did not come into his hands by reason of his official capacity. Appellant cites and relies upon *Sherrick* v. *State* ·(1906), 167 Ind. 345, 79 N. E. 193, and *Springer* v. *State* (1936), 209 Ind. 322, 196 N. E. 97. We do not think these cases are applicable to this case at bar. In both of the above cases the appellant was an officer, and as such was charged by law with the receipt and safe keeping of public funds. In the first case, the court held that the money charged to have been embezzled, was not public money, and that appellant did not receive the money according to law. Sherrick, as Auditor of State, had no lawful authority to receive the funds alleged to have been embezzled, and therefore the money never became the money of ·the State. The court held that Sherrick, in receiving the money, became the agent of the insurance companies and was not the agent of the State. In the second case, appellant, as superintendent of a county hospital, was an officer and as such under the law was entitled to receive the funds. She was charged by law with the possession and safe keeping of funds, and when she converted them to her own use, she was guilty of embezzlement.

But in this case, appellant was not an officer or one charged by law with the possession or safe keeping of the funds. He was however, "in some manner" entrusted with the receipt and safe keeping of the public money, money that was rightfully and lawfully in the possession of public officers. It would be unthinkable to hold that only officers charged by law with the collection, safe keeping, transfer, etc., could be guilty of embezzling public funds. We think clerks, office help, or any employee of a public office having access to or entrusted with public funds would

be guilty of embezzling public funds, if they converted the same to their own use. In the case at bar, the affidavit charged that Louis E. Fiffe as such auditor was entrusted with the receipt and safe keeping of the funds belonging to the city water works of South Bend.

Had the funds been private funds, then appellant's contention that a relationship of trust between the employer and the alleged embezzler should be alleged, and the cases cited in his brief would have been in point. But, as pointed out above, the facts are otherwise.

Appellant's motion in arrest of judgment was properly overruled for the reasons above stated.

Appellant says that the court erred in overruling his motion to be discharged, because he was not tried within three terms of court after being charged, arrested and let to bail. § 9-1403, Burns' 1933, § 2239, Baldwin's 1934.

The motion to discharge alleges that appellant was arrested on the charge herein set out and released on bond on February 13, 1940, being in the February term of court 1940; that thereafter neither during the May term of said court nor during the September term of said court was the defendant brought to trial or any effort made by the State or its officers to effect a trial of said defendant; that thereafter in and during the November term of said court, to wit on January 13, 1941, said cause was brought to trial, but because of alleged errors, the cause was, upon appellant's motion, withdrawn from the jury on January 16, 1941; that the November term of court began under the statute, on the third Monday in November and continued so long as the business of the court required. The February term of said court began on the second Monday of February. § 4-1703, Burns' 1933, § 1650, Baldwin's

1934. Appellant alleged that he was not brought to trial again during the November term 1940, and not until a later term. Consequently, under the above statute not having been tried for three terms without fault on his part, he was entitled to be discharged.

The question presented by appellant's motion for a discharge depends upon whether the mistrial of appellant, at the third term of court after his arrest, should be counted or excluded in computing the terms within which he should be tried.

In *State* v. *Turlok* (1926), 76 Mont. 549, 558, 248 P. 169, 173, that court held, under a statute very similar to our statute, that:

> "A defendant is not entitled to a dismissal when the delay has been caused by a mistrial."

The following cases are to the same effect under statutes much like the Indiana statutes: *State* v. *Spergen* (1822) (S. Car.), 1-2 McCord 346 and *State* v. *Huting* (1855), 21 Mo. 464.

> "When the trial of accused within the statutory time after indictment, information, or commitment results in a mistrial, as when the jury fails to agree, accused cannot ignore the mistrial and claim a discharge or dismissal upon the ground that he was not tried within the time fixed by the statute providing for that relief." 22 C. J. S. Crim. Law. § 472 subsec. C, p. 727.

A mistrial is not an unusual thing in the administration of justice. It is one of the natural hazards of our system of jurisprudence. Juries oftentimes disagree. A juror may become sick during the trial, or the judge, or counsel may become indisposed or unable to continue the trial resulting in a mistrial, without fault of either party. A new trial may be granted the

defendant in which event no judgment would be entered on the verdict.

We are not persuaded the Legislature intended that such an event should work a discharge of the defendant. There was no error in overruling appellant's motion for a discharge.

Appellant seeks to question certain instructions given by the court and the refusal of the court to give certain instructions tendered by him. Appellant's brief sets out only the instructions given by the court. Nowhere in his brief does he set out the instructions which he tendered and which were refused by the court. Nowhere in his brief does he set out his motion for a new trial or the substance thereof. We have no way of knowing whether appellant assigned in his motion for a new trial any of the rulings complained of and which he now seeks to present to this court. Therefore, the question appellant seeks to present by his motion for a new trial are not available, and present no question for our consideration.

We have examined all questions properly presented by appellant and find no reversible error.

Judgment affirmed.

NOTE.—Reported in 42 N. E. (2d) 58.