STATE OF NEBRASKA, APPELLANT, v. M. ROBERT FROMKIN, APPELLEE.

120 N. W. 2d 25

Filed March 1, 1963. No. 35300.

Clarence A. H. Meyer, Attorney General, and Rush C. Clarke, for appellant.

John J. Powers, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

The questions involved in this case concern the proper construction and application of our constitutional provision with relation to speedy trial, Article I, section 11, Constitution of Nebraska, and the statute relating thereto being section 29-1203, R. R. S. 1943. The statute provides: "If any person indicted for any offense, who has given bail for his appearance, *shall not be brought*

*to trial before the end of the third term of the court* in which the cause is pending, held after such indictment is found, he shall be entitled to be discharged, so far as relates to such offense, unless the delay shall happen on his application, or be occasioned by the want of time to try such cause at such third term." (Emphasis supplied.)

The general questions arising out of the assignments of error may be more precisely stated as follows:

1. Does a mistrial during the third term, due to disagreement of the jury, constitute a compliance with the statute on behalf of the State?

2. If the State is entitled to retry a defendant after mistrial occurring during the third term, within what period of time must he be brought to trial again in the succeeding terms of court?

For purposes of clarity, the pertinent facts break down into three distinct periods for consideration. The first period is as follows: The defendant, felony charged, was informed against on February 4, 1960, during the September 1959 term of the district court for Douglas County, Nebraska. Bail was given. The February term of court commenced on February 8, 1960, and adjourned on April 30, 1960. The May term commenced on May 2, 1960, and adjourned on September 17, 1960. The September term commenced on September 19, 1960. On September 26, 1960, the defendant was arraigned in district court, pleaded not guilty, a jury was empaneled and sworn, evidence was introduced, the jury instructed, and it retired for deliberation. A disagreement of the jury resulted, and a consequent mistrial was declared by the court on September 28, 1960. It appears that all of the district judges of the Douglas County district court disqualified themselves, that another district judge from outstate was called in to try the case, and that various motions and a demurrer to the information were ruled on during the second term of court after the information was filed on June 13, 1960.

Period 2: The September term, during which the mistrial occurred, expired on February 11, 1961. In the first term after the term in which the mistrial occurred, namely, the February 1961 term, the defendant was not tried again. This term expired on May 6, 1961, and during the second term subsequent to the mistrial, namely, the May 1961 term, the defendant was retried. Again, the jury was unable to agree, a mistrial was declared, and it was discharged for this reason on May 27, 1961. This term of court expired on September 16, 1961. Again, the regular district judges were disqualified, and the trial was conducted by the same district judge from outstate. No objection, by the defendant, was raised as to his second trial, nor was there any motion for discharge or issue raised as to whether the statute, or constitutional provision referred to herein previously, was complied with.

Period 3: The May term in which the second mistrial was held expired September 16, 1961. During the next, or September term, the defendant was not tried again nor did he request, in any manner, a trial. This time, the disqualification of the regular judges continuing, another and different district judge was called in to preside over further proceedings in the case. The September term, or the first term after the second mistrial, expired on February 12, 1962. The defendant filed his amended motion for discharge on March 16, 1962, and on the following day, March 17, 1962, the court entered its order discharging the defendant. The court found specifically that four terms of court had elapsed after the term in which the information was filed during which the defendant was not brought to trial, including the February and May 1960 terms of court, the February 1961 and September 1961 terms of court and on that ground alone. The theory upon which this finding was based was specifically stated in a memorandum by the trial court holding that the terms of court in which the jury disagreed are excluded in

the counting of terms under section 29-1203, R. R. S. 1943. From this judgment of discharge, the State has appealed.

We refer now to the facts set out in period 1 above. In computing the three terms required by the statute, the term in which the information is filed is excluded. Whitner v. State, 46 Neb. 144, 64 N. W. 704. The disagreement of the jury and mistrial occurred during the third term after the information was filed. The significance of this mistrial with relation to compliance with the statute is essential in the determination of this case. The trial court held that the mistrial without verdict does not constitute compliance with the statute; excluded this term entirely from consideration; found that there was a total lapse of four terms before the second trial in May 1961 which, in turn, again must be excluded on the same theory; and that the defendant, therefore, was entitled to discharge.

We do not agree with this conclusion. The statute is not capable of double interpretation or ambiguity. The Legislature chose the words "brought to trial," as the testing yardstick of compliance. Under the facts that we have recited, everything was complete about the trial during the third term of September 1960, except the unfortunate circumstance of the jury being unable to agree upon a verdict. To construe the words in the statute "brought to trial," to mean, in effect, a mandatory requirement that the trial must result in verdict, would do violence to the plain meaning of the statutory language. This statute imposes a duty upon the prosecution. It appears evident that everything within the power of the prosecution was done to complete the trial, but that the jury itself was unable to reach a verdict.

The significance of a mistrial due to disagreement has been legislatively defined in section 29-2023, R. R. S. 1943, of our code of criminal procedure. It provides as follows: "In case a jury shall be discharged * * * after they have been kept so long together that there is no

probability of agreeing, the court shall, upon directing the discharge, order that the reasons for such discharge shall be entered upon the journal; and *such discharge shall be without prejudice to the prosecution."* (Emphasis supplied.) The emphasized language in this statute contains no qualification. We can see no room in the language of these statutes for a distinction which would support the trial court's conclusion completely nullifying the effect of this mistrial occurring during the third term. To hold otherwise would be to judicially excise two pertinent provisions from the applicable statutes. The defendant was "brought to trial," and a mistrial must be "without prejudice" to the State's right to a retrial. This construction follows the plain and unambiguous language of the two statutes involved. Construing the statutes in pari materia, it is the only possible way to harmonize their meaning within the framework of their obvious purpose. This interpretation also appears to be the majority rule, even in jurisdictions where the statute mandates "trial," and where there is no special statute requiring that mistrial shall be without prejudice to the prosecution.

As stated in 22A C. J. S., Criminal Law, § 472 (3), p. 60: "If accused is tried within the statutory time after indictment, information, or commitment, and such trial results in a mistrial, as when the jury fail to agree, accused cannot ignore the mistrial and claim a discharge or dismissal on the ground that he was not tried within the time fixed by the statute providing for that relief. * * * Cal.-People v. Pierson, 307 P. 2d 994, 149 C. A. 2d 151-People v. Cryder, 202 P. 2d 765, 90 C. A. 2d 194-People v. Maupins, 158 P. 502, 30 C. A. 392. * * * Fla.-State v. Dowling, 107 So. 267, 91 Fla. 236. * * * Ind.-* * * Kops v. State, 42 N. E. 2d 58, 62, 220 Ind. 373. * * * Iowa.-Ferguson v. Bechly, 277 N. W. 755, 224 Iowa 1049. * * * Or.-State v. Clark, 168 P. 944, 86 Or. 464. * * * 16 C. J. p. 442 note 38 [b], p. 446 notes 5, 6."

Illustrative of the above authorities is a case almost squarely in point. In State v. Dilts, 76 N. J. Law 410, 69 A. 255, the statute provided for a discharge if the defendant was not tried during the term, "* * * in which the issue is joined, or the term after." Construing this statute the court said: "Under the view we take of the meaning and purpose of the statute, it was satisfied by the trial and disagreemnt of April term, 1907, and became inoperative thereafter."

In State ex rel. Gayle v. Dowling, 91 Fla. 236, 107 So. 267, the statute, as far as pertinent here, provided: "* * * and if he is not tried at or before the third term after his examination he shall be forever discharged from the crime." There were three successive mistrials in this case. It was contended that the petitioner was entitled to be forever discharged because he had not been tried at or before the third term after his examination. The court said: "A trial is had within the meaning of the organic and statutory provisions even though the jury disagree and are discharged and a mistrial entered of record; * * * such mistrial does not constitute former jeopardy. * * * The State is not responsible for the criminal act charged, or for the failure of juries to agree upon verdicts, * * *."

In Davis v. State, 51 Neb. 301, 70 N. W. 984, we feel that our court passed upon the precise question involved here. Our court said: "If the sections of the Criminal Code just quoted are to be so construed as to entitle one under indictment for a crime and incarcerated to be discharged unless brought to trial before the end of the third term held after the term at which the indictment is found, still the motion was without merit, *as the record shows that the prisoner was brought to trial, although the jury disagreed, at the first term of court held after the term at which the indictment was returned."* (Emphasis supplied.)

The defendant cites a number of cases purporting to sustain the holding of the trial court. We have care-

fully examined these cases. We are unable to find in any of these cases support for the theory of the defendant that the mistrials did not constitute a compliance with the statute. The closest case that the defendant cites is Nix v. State, 5 Ga. App. 835, 63 S. E. 926. This case is strongly relied upon by the defendant. The Georgia court did hold that the mistrial due to disagreement of the jury constituted a noncompliance with the applicable statute. But in this case, the statute applied to situations in which a defendant made a demand for trial and specifically provided as follows: "* * * if such person shall not be tried at the term when the demand is made, or at the next succeeding term thereafter * * * *he shall be absolutely discharged and acquitted* of the offense charged in the indictment." (Emphasis supplied.) Appropriate comparison of that statute and ours makes the distinction apparent.

We hold, therefore, that the September 1960 mistrial during the third term constituted a compliance with the statute, and the State was entitled to retry the defendant.

We go now to period 2 of the facts, ending with the mistrial from jury disagreement in the second term subsequent to the first trial. When must the defendant be retried within the meaning of our statute and the constitutional guarantee as to a speedy trial?

The statute in question here has been interpreted and given relationship to the constitutional guarantee of a speedy trial in Maher v. State, 144 Neb. 463, 13 N. W. 2d 641, wherein we held: "The legislature of our state has interpreted the Constitution on the matter of a speedy trial by fixing what, in certain cases and under certain conditions, is to be regarded as a maximum time within which a defendant must be tried. The interpretation of this constitutional provision is for the court, but since the time fixed by the legislature is not unreasonable, we adopt it as our own."

Within the framework of this basic interpretation, we feel that the case of Wilson v. State, 120 Neb. 468, 233

N. W..461, answers our question as to the time in which a retrial must be had. This case was on remand from the Supreme Court, after reversal in favor of the defendant. The defendant was without bail. The applicable sections of the statute require trial in this situation within two terms after the date of the mandate. The retrial after remand was held in the third term. It was contended that the statute applied, and the defendant was entitled to discharge, a situation must stronger in favor of the defendant than the facts presented here. Our court said: "On this feature it has been held that the constitutional or statutory requirements are satisfied by a speedy first trial, and that the time for retrial is not a matter of absolute right but is addressed to the discretion of the court."

Here, also pertinent, is the following from the recent case of Svehla v. State, 168 Neb. 553, 96 N. W. 2d 649. The proper interpretation of our statute with relation to the constitutional guarantee of speedy trial was again stated as follows: "In Shepherd v. United States, 163 F. 2d 974, it is said: 'The constitutional guarantee of a "speedy trial" is intended to prevent the oppression of a citizen by delaying criminal prosecution for an indefinite time and to prevent delays in administration of justice by requiring judicial tribunals to proceed with reasonable dispatch in trial of criminal prosecutions. * * * A "speedy trial", generally, is one conducted according to prevailing rules and proceedings of law, free from arbitrary, vexatious and oppressive delays. * * * The right of accused to discharge for failure to receive a speedy trial is a personal right which may be waived, and it ordinarily is waived if accused fails to assert his right by making a demand for trial, by resisting a continuance, by going to trial without objection that time limit had passed, or by failing to make some effort to secure a speedy trial.' * * * We fail to find in the record any protest or objection made on the part of the defendant until he filed his plea in abatement on Sep-

tember 19, 1958. This plea in abatement refers to a 'speedy trial.' We fail to find in the record any request by the defendant for an immediate trial."

There is a divergence of the holdings by the courts of other states as to whether the statute runs again after having been complied with in the first instance, or whether a new trial, within the meaning of the constitutional guarantee as to speedy trial, must take place within the sound discretion of the court. See 22A C. J. S., Criminal Law, § 472 (4), p. 61, and cases cited thereunder.

Our holding in Maher v. State, *supra*, was to the effect that the Legislature fixed a three-term limit; and that the statute was reasonable, and would be enforced. Our holding in the Wilson case was to the effect that after the requirements of the statute had been met as to a first trial, that the time for retrial rested within the sound discretion of the court. We hold, therefore, that the statute, as such, does not apply a second time; and that it has run its course with compliance to the first trial. But, we hold that independent of the statute, the retrial, or retrials, must be held within a reasonable time within the sound discretion of the court. We further hold that since we have held that the statutory provision was a reasonable one as to the outside limits of time permitted for a first trial, that the time limit for a retrial, or retrials, should be fixed as not extending beyond what we have held to be reasonable for the first trial. It, therefore, appears that the rule is, after the statutory requirements are satisfied as to the first trial, the time for retrial is not a matter of absolute right, but is left to the sound discretion of the court; provided, that it may not extend beyond the statutory limit provided for the first trial.

We go now to the third period. The second trial in this case in May 1961 ended in a mistrial because of disagreement of the jury. Within the range of the rule that we have stated herein, it was the duty of the State

to retry the case within a reasonable time within the sound discretion of the court, not to exceed three terms thereafter. A motion for discharge herein was filed and sustained by the trial court, in March 1962, *in the second term after the second mistrial.*

Neither in the motion for discharge filed by the defendant, nor in the argument of defendant's counsel, at any place is it urged that there was an abuse of sound judicial discretion by the court, as such, after the first and second trials. The defendant's contention is that he is entitled to discharge as a matter of right following the reasoning that the terms in which the mistrial occurred didn't count under the statute, and, therefore, he was entitled to discharge as a matter of right because more than three terms had elapsed. As we have stated before, this contention cannot be sustained. However, giving the defendant the benefit of the maximum reach of his argument, we can find nothing in this record that would indicate an abuse of sound judicial discretion by the district court in connection with the time of these trials. All of the Douglas County district court judges disqualified themselves, and it is not urged that this determination was erroneous, nor is any error claimed in the manner of the fixing of the terms of court. It does not appear that there was any change from previous rule and custom in this respect. It appears that two different district judges from outside the judicial district, having their own judicial work to dispose of, were called in to handle this case. It is true that there were numerous juries called for 2-week terms within the terms of court during the intervening time between the two mistrials. But, there is nothing in the record that would indicate affirmatively that the district court for Douglas County abused this discretion in this respect. The yardstick adopted by the statute for the first trial is the number of terms elapsing, and not the number of juries called. We find nothing in the record in this case that would indicate an abuse of discretion in this

respect, and more especially in light of the fact that it was necessary that judges be called in from outstate in order to dispose of this case. The record is silent as to any request of the defendant to be tried more expeditiously than he was. At no time prior to the first trial, or prior to the second trial, or subsequent to the second trial up to the time of the filing of the motion on March 16, 1962, did he claim error or claim that his rights were violated with relation to the speed of his trial. Even assuming that he was under no duty to do so, we deem these facts significant with relation to the determination of whether there was an affirmative abuse of discretion by the trial court. We deem pertinent here the quotation from Shepherd v. United States, 163 F. 2d 974, which we quoted with approval in Svehla v. State, *supra*, which states as follows: "The right of accused to discharge for failure to receive a speedy trial is a personal right which may be waived, and it ordinarily is waived if accused fails to assert his right by making a demand for trial, by resisting a continuance, by going to trial without objection that time limit had passed, or by failing to make some effort to secure a speedy trial." In the Svehla case, the court then went on to find substantially the same facts as appear in the record here, namely, that there was no protest or objection made, or request for trial made on behalf of the defendant, until he filed his motion for discharge or plea in abatement at a later date.

Considering all of the facts in the record, we hold that there was no abuse of discretion by the court as to the time that the previous trials were held in September 1960 and in May 1961. This reasoning is further reinforced by our holding, as we stated above, in the Svehla case with relation to the significance of the failure of the defendant to object or affirmatively ask for a trial at an earlier date.

We have some difficulty in determining the exact nature of the defendant's theory in this case. The de-

fendant's theory seems to be that the first two terms before the first mistrial in the third term should be counted as against the State. Then, he proceeds on the theory that a mistrial in such third term doesn't count against either the State or the defendant. He proceeds to tack the first two terms onto the one transpiring after the mistrial, all of this resulting in the conclusion that there were more than three terms that had expired prior to the second mistrial. Such a conclusion, as we have pointed out, has no basis in reason or authority. It would result in a judicial interpretation of our statute that a retrial after a mistrial in the third term would have to take place in the immediately succeeding next term. There is no authority for this in the statute, and it would be contrary to our holding in the cases that we have cited. The time that we have fixed for the retrial after a mistrial, under our holdings here, is a reasonable one resting within the sound discretion of the court and setting a maximum limit. This is the only way to harmonize the statutes involved and our affirmative holdings as to the construction of the constitutional provision providing for a speedy trial. The only logical way that the defendant can sustain his position is that the first mistrial in this case is a complete nullity and that the term, therefore, does count against the State. If that were so, the defendant would have been entitled to his discharge in the February 1961 term, being the fourth term. This position he did not assert or take at that time, nor does he assert it now, because the position he takes now rests upon the proposition that the term in which the mistrial occurred doesn't count against either the State or the defendant.

As we have shown, the complete answer to this contention is simply that the mistrial did constitute a compliance and the question is within what period of time after statutory compliance must he be retried.

We hold, therefore, that the discharge of the defendant on March 17, 1962, was in error. We reverse the

order of discharge and remand the cause to the district court for proceedings in conformity with this opinion.

REVERSED AND REMANDED.