Argued April 17, reversed and remanded for further
proceedings May 11, 1972

STATE OF OREGON, *Appellant, v.*
HAROLD R. ESTLICK, *Respondent.*

496 P2d 933

*John W. Osburn,* Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*Oscar D. Howlett,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB,* Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

In these consolidated cases the state appeals from orders of dismissal based upon failure of a speedy trial in compliance with constitutional guarantees.[1]

At the hearing on defendant's motions to dismiss, the prosecutor offered to produce evidence concerning causes for delay in bringing the cases to trial. The court observed that defendant would probably stipulate to what the prosecutor could tell the court from his records rather than calling witnesses. Defense counsel answered, "Certainly." The prosecutor then, from his files, recited facts about the delay:

The defendant was one of several jointly indicted defendants. All together, 15 defendants were involved in 21 counts in which there were six "files."[2] Defendant was included with others in two indictments.

---

* Schwab, C.J., did not participate in this decision.

[1] United States Constitution, Amend. VI; Oregon Constitution, Art I, § 10.

[2] We do not know whether this means there were six indictments. By counting all of the defendants in the two indictments before us, we know that there were more than two.

They involved interrelated charges of defrauding insurance companies by destruction of insured property.

The record (as distinguished from the matters related by the prosecutor) shows both indictments were returned on September 27, 1968. Defendant was released on his own recognizance on October 4, 1968, and remained free thereafter. Defendant demurred to the indictments, and the demurrers were overruled on November 12, 1968. Not-guilty pleas were entered November 14, 1968. The prosecutor related, from his files, that defendant's cases were set for trial at different dates in January 1969. Subsequently, over the next approximate two and one-half years there were repeated set-overs and 12 trial dates. The reasons for eight of the set-overs are not reflected in the transcript or record, but it is reasonable to believe that they were at the instance of the prosecution.

The prosecutor related that the cases were finally set for trial in April 1971, after which the defendant twice moved for set-overs, which, when granted, dated the cases for trial during the week of July 26, 1971. A set-over then occurred at the instance of the prosecution which resulted in a trial date in the October term of 1971. When that time came the motion to dismiss for lack of speedy trial was filed and granted after hearing.

Our perusal of the official record made in the cases indicates that few of the successive set-overs were noted therein. However, the official record of orders made by the court reveals the following:

On January 16, 1969, defendant changed attorneys. On April 3, 1969, an order was entered, signed by the court, in which it was stated that defendant Estlick,

    "* * * through his attorney had entered into a

stipulation earlier with the District Attorney that his cases would be tried * * * after the [defendant] Evans Smith cases * * * [which are] now docketed for trial * * * on April 28, 1969, and that [defendant] James Hite * * * is to be tried in the May Term of Court * * * *and the defendant personally* on the record agreeing to such delay * * *,"

his case was set for trial in July term of court. (Emphasis supplied.) The next entry in the written record concerning defendant Estlick's cases is on July 6, 1970, when the court ordered:

"* * * [O]ne of the above cases be scheduled for trial September 8, 1970, the State [is to] elect which case it wishes to proceed on first."

The next entries in the official record are those regarding the 1971 motions to dismiss for lack of speedy trial. Nothing in the official records before this court indicates that the defendant ever objected to any of the many set-overs, and, as emphasized above, it was recited in the order of April 3, 1969, that the defendant personally on the record agreed to delay, and this included having his case tried after the Evans Smith and Hite cases, with specific dates mentioned. The record shows the Smith cases were disposed of in May 1969. Others of the many cases were tried in ensuing months, and Hite was finally tried and convicted in November 1970. He was sentenced in May 1971. Hite was defended by the same attorney who represents defendant Estlick. We note that after Hite's conviction and before his sentencing, it was defendant Estlick, not the prosecution, who obtained the next several set-overs. We further note that in his motion to dismiss defendant stated:

"Defendant has not caused the delay * * * since the plea of not guilty and has never personally consented to any set-over."

We think the defendant's motions are refutation of this statement.

■ Furthermore, the recital in the court's order, quoted above, that defendant personally consented to delay on the record until others of the interrelated cases were tried is binding on the defendant, and we think this is so regardless of the fact that some of those cases were tried later than had been at first anticipated. In *State v. Clark*, 86 Or 464, 168 P 944 (1917), a case which deals with a defendant's claim that he was not afforded a speedy trial, with reference to the same kind of order, the court said:

> "* * * [T]he order continuing the case is sufficient [to show that the court had a good cause for a continuance] * * *. The recital there made and signed by the judge cannot be controverted * * * [in the state of the record]." 86 Or at 473.

The trial court in the case at bar, when making its ruling, said:

> "* * * Mr. Estlick is an individual who has not himself been the person responsible for failure to bring this case to trial in almost a three-year period of time. I can take judicial notice that he has been prejudiced by a three-year delay as far as memory of witnesses are concerned; that he has in addition to that suffered the anxiety of uncertainty for a three-year period; that his situation has developed due to factors beyond the control of the State; beyond the control of the District Attorney's office or the defense or the court."

In *State v. Robinson*, 3 Or App 200, 473 P2d 152 (1970), we quoted from *Dickey v. Florida*, as follows:

> "'* * * "[W]hile justice should be administered with dispatch, the essential ingredient is orderly expedition and not mere speed." Smith v. United States, 360 US 1, 10, 3 L Ed 2d 1041, 1048,

79 S Ct 991 (1959). It appears that consideration must be given to at least three basic factors in judging the reasonableness of a particular delay: the source of the delay, the reasons for it, and whether the delay prejudiced interests protected by the Speedy Trial Clause.

"'A defendant may be disentitled to the speedy trial safeguard in the case of a delay *for which he has, or shares, responsibility*. It has been held, for example, that an accused cannot sustain a speedy trial claim when delay results from * * * making dilatory pleadings or motions * * *.' *Dickey v. Florida,* 398 US at 47-48." (Emphasis supplied.) 3 Or App at 213.

The concurring opinion in *Dickey* went on to point out that although many cases have held it to be so, an accused's silence when the prosecution has asked for delay should not be held against him.[9]

Nevertheless,

"The defendant will not be allowed to exploit either a delay attributable primarily to his own acts, or one to which he has consented * * *." Note, *The Right to a Speedy Criminal Trial,* 57 Colum L Rev 846 at 856.

"* * * Succinctly stated, 'delay caused by or consented to by a defendant is not unreasonable,'" quoting from *United States v. Kabot,* 295 F2d 848, 852 (2d Cir 1961), *cert denied* 369 US 803 (1962). Note, *The Lagging Right to a Speedy Trial,* 51 Va L Rev 1587, 1598 (1965).

*See also, State v. Clark,* 86 Or 464, supra.

The author of a Note, *The Right to a Speedy Trial,*

---

[9] Until recent years, it appears that a majority of jurisdictions required a defendant to demand trial or resist postponement if he were to successfully press for a dismissal for lack of speedy trial. *See* 57 Colum L Rev 846, 853 (1957), and 51 Va L Rev 1587, 1601 (1965). This view has lost favor in recent years. See concurring opinion in Dickey v. Florida, supra.

20 Stan L Rev 476, 494 (1968), based on *United States v. Ewell,* 383 US 116, 120, 86 S Ct 773, 15 L Ed 2d 627 (1966), points out that the primary function of the speedy trial guarantee is to *"limit the possibilities"* that long delay will impair the ability of the accused to defend himself. The author argues that neither the accused nor the prosecution should have to prove prejudice or lack of it stemming from delay. At page 498 the note says:

> "* * * If a reasonable possibility of prejudice was found to have been created, the cause of the delay would then be the determinative factor * * *."

■■ We think this test, at least where long delays have occurred as in the case at bar, should apply, and that there should be no question concerning proof of prejudice. In the case at bar what was the cause of delay? There were many defendants and counts and each defendant's case was required to be tried separately. The prosecutor said at least six of the cases were tried and preparation for trial was completed in at least ten. Each case required extensive investigation and examination of documents and several weeks for preparation and trial. One of the defendants had to be the last one tried. Because a long delay occurred and defendant Estlick's was the last case set for trial, those facts alone do not automatically entitle him to a dismissal. The order in the record from which we have quoted makes it appear that he consented to be the last one tried one and one-half years before his case finally came up for trial. And it was after the next-to-last trial was over that he commenced seeking and obtaining set-overs. The state obtained only one set-over after that. Under these circumstances, the defendant shared the responsibility for the delay. We hold the indictments should not have been dismissed.

Reversed and remanded for further proceedings consistent with this opinion.