Submitted on record and appellant's brief November 4, affirmed November 25, 1974

STATE OF OREGON, *Appellant, v.* KELLY BENJAMIN WISE (No. C 74-03-0915 Cr), *Respondent.*

528 P2d 559

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for appellant.

No appearance by respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

The state appeals from an order dismissing three charges against defendant for lack of a speedy trial. The defendant was charged in December 1972 and the dismissal occurred in March 1974. The state asserts that any delay was due in part to defendant's own requests for continuances and his consent to continuances requested by the state. The state further asserts that any prejudice to defendant was the result of his own negligence in failing to insure the appearance of a vital witness.

In December 1972 two traffic citations and a misdemeanor charge of harassment (ORS 166.065) were lodged against the defendant. On December 18, 1972, the charges were consolidated as arising out of the same act and transaction pursuant to a motion by the state. Defendant was arraigned on January 4, 1973, at which time he pleaded not guilty to the charges and requested a jury trial. Trial was set for March 20, 1973.

On March 19, 1973, defendant's attorney requested a continuance in the trial date because of a conflict in his court schedule. The continuance was granted and trial was reset for June 19, 1973.

Thereafter the record is not entirely clear. On

June 18, 1973, a continuance was requested by either the defendant or the state, and trial was reset for September 12, 1973. On or about August 31, 1973, a continuance was requested by the state and was granted. In its motion for this continuance the state asserted that defendant's attorney did not oppose the motion. Trial was reset for December 17, 1973, but on that date the state made another motion requesting a further continuance. No reason for the request was given and there was nothing in the record before the circuit court showing that defendant had consented.

Trial was reset for March 12, 1974. Defendant moved to dismiss the charges for lack of a speedy trial and the motion was granted by the district court on March 8, 1974. The state appealed to the circuit court which, after a de novo hearing, found that defendant had been prejudiced and that the delay was unreasonable, and affirmed.

■ There was sufficient evidence for the circuit court to find that the defendant had not requested, nor had he consented to, all of the delays in this case, nor did he do anything to cause the delays. The record further supports the circuit court's finding that the delay was unreasonable, especially since the record before the circuit court contained *no reason at all* for the delay in trial from June to September 1973 and from December 1973 to March 1974. Finally, there was uncontroverted testimony presented at the circuit court hearing that defendant had lost track of a vital witness as a result of the lengthy delays. Thus, there was evidence to support the finding of prejudice to defendant. *State v. Evans,* 19 Or App 345, 527 P2d 731 (1974).

■ The state contends that any prejudice to the

defendant was the result of his own failure to subpoena his important witness. Testimony at the circuit court hearing indicated that defendant's attorney maintained contact with the witness until over one year after these proceedings had begun. Up to and including the time the defendant's attorney lost contact with this witness, there was no indication that the witness was unwilling to testify. In such a circumstance the failure to keep the witness under subpoena did not constitute negligence.

The order of the circuit court dismissing the charges for lack of a speedy trial is affirmed. *See Barker v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972); *State v. Willingham,* 13 Or App 504, 510 P2d 1339 (1973); *State v. Estlick,* 9 Or App 281, 496 P2d 933 (1972); *State v. Downing,* 4 Or App 269, 478 P2d 420 (1970).

Affirmed.